**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Dennis BUSBY, Defendant-Appellant.**

No. 45906.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 16, 1983.

Michael Wade Clark, Union, for defendant-appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Jefferson City, for plaintiff-respondent.

JAMES K. PREWITT, Special Judge.

Appellant was convicted of rape, § 566.-030, RSMo 1978, and murder in the second degree, § 565.004, RSMo1978. He was sentenced to fifteen years for rape and life imprisonment for murder.

Appellant was the great-uncle of the 12-year-old victim Tanya Busby. Following his arrest he stated to law enforcement personnel that he had intercourse with her and then strangled her. Appellant contends that the trial court erred in overruling his motion to suppress these statements and allowing them in evidence at trial because they were the result of an arrest without a warrant which was not based upon probable cause.

Tanya Busby lived with her grandmother in Cuba, Missouri. On April 1, 1981, she arrived home from school around 4:20 p.m. She did her homework and then her grandmother sent her to the Towne Pharmacy to get a prescription filled. The pharmacy was about a quarter of a mile away. She rode there on her ten-speed bike. Around 6 p.m., when she had not returned, her grandmother began to worry, and when she could not locate her, called the police to report her missing. Their efforts to locate her that night were unsuccessful.

Approximately 10 a.m. the next day her body was found in a wooded area several miles west of Cuba. There was a package in a pocket of her clothing with a Towne Pharmacy label on it. An autopsy revealed that she died from "manual strangulation". The autopsy also revealed that she had recently had sexual intercourse and there were indications that it was against her will.

The sheriff and highway patrol sergeant who arrested appellant had information that while Tanya Busby was at Towne Pharmacy on April 1, she told one of the clerks that her uncle was going to pick her up; that appellant had been seen talking to her that evening; that two witnesses had told a Cuba police officer that they had seen appellant at the Holy Cross School that evening loading a bicycle in the trunk of his car and there was a young female in the car with him; that a car leaking oil had been recently parked at the scene where her body was found and oil spots were seen near the Holy Cross School; that at approximately 10 p.m. on April 1 appellant was seen coming into Cuba from the direction where her body was found and told the police that he had not seen Tanya Busby that day.

Appellant was arrested on April 2 at approximately 12:50 p.m. Just before appellant's arrest the sheriff and sergeant were on a parking lot discussing seeking a warrant to arrest appellant, and were making plans to do so, when they saw appellant driving his car on the highway toward them. Appellant then stopped, turned his vehicle around and started going in the opposite direction. The sheriff and sergeant entered a car, caught up with appellant, and arrested him. After questioning by the law enforcement officers, and after

consultation with his attorney, he confessed to the rape and murder.

Appellant asserts that the information which the sheriff and sergeant acted upon in arresting him was insufficient for there to be probable cause because the statement placing appellant with Tanya Busby at the school was unreliable or was of unknown reliability; that the information that appellant was coming to pick her up at a drugstore was "incorrect and inherently unreliable" with respect to him and he was not her "uncle", but her great-uncle; that the information regarding oil leaks was "unfounded"; and that "it was both inaccurate and complete with respect to defendant's allegedly having denied seeing the victim on April 1, 1981." We have difficulty in understanding the latter two contentions.

■ "Probable cause to make a warrantless arrest exists when the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *State v. Purnell,* 621 S.W.2d 277, 285 (Mo.1981). The existence of probable cause depends upon the facts of each case and is determined by factual and practical considerations on which reasonable and prudent men would act. *State v. Chapman,* 627 S.W.2d 597, 598 (Mo.1982).

■ Appellant contends that the sheriff and sergeant did not know that the information that he was with Tanya Busby at the schoolyard was from reliable sources. It was not necessary for them to know that. It is not required for probable cause that an informant be one whose reliability has previously been established; the true inquiry is whether the information is reliable and if it can be corroborated through other sources such that it reduces the chance of a "reckless or prevaricating tale," the information may form the basis of probable cause for an arrest. *State v. Chapman,* supra, 627 S.W.2d at 598. See also, *Illinois v. Gates,* — U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Here the officers had other information that appellant had been or would be with Tanya Busby that day, which corroborated the information they had received that she and appellant were at the school.

■ It would not be unusual for Tanya Busby to refer to appellant as her "uncle" even though he was her great-uncle. They were seen together thereafter and it is reasonable to assume that he was the person she had reference to. While the oil leaks from the car may add little because they are so common, combining it with the other information the officers had, it indicated that the car at the school could have been the one at the scene of the crime.

■ Appellant's denial of having seen Tanya Busby on April 1, an apparent falsehood, indicates that he was trying to cover up his guilt. Appellant contends that because there was evidence that he had been drinking on April 1 it would not be unusual for him to have forgotten that he saw Tanya Busby that day. Although that could occur, there was no indication that it did, and there was no reason that the sheriff and sergeant would have reason to believe that the denial was the result of a loss of memory.

Under the circumstances known to the sheriff and sergeant, we believe that a person of reasonable caution would have the belief that the offense was committed by appellant and we conclude that there was probable cause to arrest him.

The judgment is affirmed.

SNYDER, P.J., and BRENDAN J. RYAN, Special Judge, concur.