**David R. WILES, Movant-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

No. 48602.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 26, 1985.

Application to Transfer Denied
May 29, 1985.

William J. Shaw, Asst. Public Defender, Clayton, for movant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KAROHL, Judge.

Defendant appeals trial court's denial of 27.26 relief after evidentiary hearing. Two consecutive life terms were imposed according to a written plea agreement wherein capital murder charges were reduced to second degree murder. As a part of the plea agreement two consecutive fifteen year terms were imposed on previous and unrelated sodomy charges after defendant waived probation revocation hearings.

The 27.26 petition alleged that the pleas were not made knowingly, intelligently and voluntarily and with a full understanding of the consequences because of mental defect and the improper coercion of defendant by his trial attorney. The trial court found these grounds were not supported by the record. We affirm.

When the involuntariness of movant's plea is based on being misled by counsel, the test is whether movant's belief by which he claims to have been misled, was reasonable. *Bierey v. State*, 586 S.W.2d 450, 452 (Mo.App.1979). The burden rests upon appellant to show by a preponderance of the evidence that his guilty plea was not knowingly and voluntarily given because of ineffective assistance of counsel. *Van Moore v. State*, 667 S.W.2d 470, 471 (Mo. App.1984). The judge is the trier of fact in a post-conviction motion for relief, and as such determines credibility of testimony. *State v. Gamble*, 649 S.W.2d 573, 577 (Mo. App.1983).

The defendant contends that his plea was not made knowingly, intelligently and voluntarily because of a mental defect and the improper coercion on the part of his counsel at trial when he made his plea. The trial court made findings of fact and conclusions of law which are as follows:

> The court finds with respect to paragraphs 8 and 9 [defendant's allegations of counsel's ineffective assistance] that the allegations contained therein are refuted by the record ... This court further finds that the testimony of movant presented at the hearing was not believable and/or refuted by the record.
>
> Petitioner stated under oath that he never believed himself to be mentally ill ... The court was in possession of the pre-trial psychiatric report on movant which found no mental disease or defect and found he was competent to understand and assist in his defense ... Movant stated he was satisfied with his attorney's services, had discussed the case fully with him, and believed his attorney had obtained a good deal for him ... Movant had also discussed this case with his father who was present during the plea and sentencing ... Upon further questioning movant responded that he had no defense to the charge and was in fact guilty ... As to Count II, movant agreed that the state had sufficient evidence to show that he had murdered his son ... Finally, movant stated that he

> wished to waive his right to a suppression hearing on his statements and admitted that they were freely and voluntarily given ...
>
> The Court finds that movant's plea was knowingly, intelligently and voluntarily made with full understanding of the consequences thereof. The record of the plea and sentencing show conclusively that petitioner is not entitled to any relief under the Constitution of the United States or of Missouri in that petitioner has not stated any grounds upon which relief can be granted.

We conclude that the trial court's findings of fact and conclusions of law are supported by the record.

Judgment affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.