STATE of Missouri,
Plaintiff-Respondent,

v.

Billy Gene CARRICO,
Defendant-Appellant.

No. 13638.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 19, 1985.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of second-degree burglary and felonious stealing. He was sentenced as a persistent offender to 12 years on each count with the sentences to run concurrently. On appeal defendant presents three points for our consideration.

In one of defendant's points, he contends that the trial court erred in admitting into evidence two statements attributed to him because "(a) the defendant's motion to suppress such statements challenged their admissibility on the grounds that they were the poisonous fruit of an illegal arrest and the state did not meet its burden of proving the defendant's arrest was legal and (b) such statements were not relevant as they neither tend to incriminate him or evince a consciousness of guilt but were, at the same time, prejudicial to the defendant."

According to the arresting officer, the statements were made on the day defendant was arrested as the officer was taking him to the Newton County jail. The officer said defendant "stated the only time he did anything like this is when he had been drinking." After the officer told him he would probably also be arresting Juanita Beck, the officer said defendant told him "she didn't have anything to do with it."

The state asserts that defendant's contention claiming that an illegal arrest makes the statements inadmissible was not properly preserved because no motion to suppress was filed or objection made until the day of trial. The record shows otherwise. Apparently the prosecutor's office was first informed of these statements af-

ter the arresting officer made a written report to the prosecutor's office eight days before the trial referring to the statements. After the prosecutor filed a supplemental response to a discovery request and revealed these statements, the defendant, four days before the trial, filed a motion to suppress. See Rule 24.05. That motion asserted that the statements were the product of an illegal arrest because the officer had no probable cause to arrest defendant at the time. On the day of trial the motion was heard and denied prior to the trial's commencement. At the hearing the state offered no evidence of probable cause. It presented testimony that a "Miranda" warning had been given and defendant voluntarily made the statements.

■ Under Missouri holdings the state had the burden of proof to show that the statements were not tainted by an illegal arrest. *State v. Olds*, 569 S.W.2d 745, 752 (Mo. banc 1978); *State v. Pollock*, 603 S.W.2d 614, 621 n. 7 (Mo.App.1980). Although evidence showing probable cause to arrest was not presented as a part of the hearing on the motion to suppress the statements, such evidence was earlier presented to the trial court and can be considered by the trial court and this court in determining the propriety of the motion to suppress the statements. Not considering the earlier evidence would be impractical. To have the evidence repeated would be inconvenient and time consuming for witnesses, parties, the attorneys, and the court. Allowing such evidence to be considered does not prejudice defendant as he was present and his attorney cross-examined the witnesses at the earlier hearing.

■ Probable cause to make a warrantless arrest exists when the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information, was sufficient for a person of reasonable caution to believe that an offense has been or is being committed by the person to be arrested. *State v. Busby*, 656 S.W.2d 820, 822 (Mo. App.1983). The existence of probable cause depends upon the facts of each case

and is determined by factual and practical considerations on which reasonable and prudent persons would act. Id.

■ At a hearing on a motion to suppress identification held previous to the hearing on the motion to suppress the statements, testimony established that the arresting officer had probable cause to arrest defendant. There the officer testified that three days before the arrest one of the residents of the burglarized house identified defendant, through a photo, as having been at the house the day before the burglary. The officer said that on that same day two neighbors identified a photograph of defendant as that of a person at the house on the day it was broken into. One neighbor said defendant was the man who "forced the door open on the residence." The other neighbor identified the photograph of defendant as the person she saw leaving the house in a van "the day that the guns got stolen".

At trial before defendant's statements were introduced there was testimony that two days before the arrest the officer was told that two weapons like those taken in the burglary, a .30/.30 Marlin lever action rifle, and a 12-gauge pump shotgun, were in defendant's possession. This testimony can also be considered in determining whether the trial court erred in admitting the statements.

■ "A trial court's ruling on a motion to suppress evidence prior to trial is, in a sense, interlocutory in nature. The real damage is not done until the evidence is introduced in the trial of a case for consideration by a jury. Thus, a trial court can receive additional evidence and change its ruling prior to admitting the objected-to items in evidence before a jury." *State v. Howell*, 524 S.W.2d 11, 19 (Mo. banc 1975); *State v. Lassen*, 679 S.W.2d 363, 368 (Mo. App.1984). Appellate review of rulings on motions to suppress is based upon the whole record. *State v. Trimble*, 654 S.W.2d 245, 254 (Mo.App.1983).

The trial court did not change its ruling, but if there was any doubt about the ar-

resting officer having probable cause to arrest defendant, trial testimony ended that doubt. Probable cause to arrest was present before defendant's arrest so the statements were not tainted by an illegal arrest.

■ We also determine that the statements were relevant to the issues at trial. "Evidence is relevant if it logically tends to prove or disprove a fact in issue or to corroborate evidence which itself is relevant and bears on the principal issue." *State v. Wood*, 596 S.W.2d 394, 402 (Mo. banc 1980), cert. denied 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). In criminal cases, questions of relevancy are left to the trial court's discretion, whose ruling will be disturbed only when an abuse is shown. Id. See also *State v. Sanderson*, 528 S.W.2d 527, 531 (Mo.App.1975).

■ The statement that the only time defendant did things like that was when he had been drinking was admissible to show that he was involved in the burglary. He was arrested for that burglary and was questioned about it. The statement must mean that he was drinking when he broke into the house or he would not have done it. He was, at least in part, trying to excuse his conduct because of alcohol consumption.

■ There was evidence that Juanita Beck had driven to the burglarized house with defendant, but waited in the van while defendant broke into the residence. By stating that Juanita Beck "didn't have anything to do with it", defendant acknowledged that he knew the circumstances of the burglary and other testimony showed how he knew them. The statements corroborate the other evidence, indicating that defendant was guilty of the burglary. There was no abuse of discretion in admitting the statements. This point is denied.

Defendant claims error in the procedure followed in his sentencing. That point states:

The trial court erred in sentencing the defendant as a persistent offender because (a) the court failed to make a find-ing that the defendant previously had been convicted of two felonies committed at different times as required by law and (b) the evidence did not establish beyond a reasonable doubt that the defendant had been so convicted, so that there was no basis in the evidence for enhancing defendant's punishment as a persistent offender.

■ The trial court did not make an express finding that defendant "is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." See § 558.016.3, RSMo Supp.1984. See also § 558.021, RSMo Supp.1984. The court did make specific findings that defendant was a persistent offender and that he had previously been convicted of a felony in Jasper County and a felony in Newton County.

Exhibits introduced by the state showed that the convictions were for offenses committed at different times. Defendant contends that one of the exhibits was improperly admitted for lack of certification. That was not the basis of the objection to the exhibit at trial. There the only objection was based on "double jeopardy". The exhibit was properly admitted over that objection.

To find a defendant to be a persistent offender the trial court must make "findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a ... persistent offender". § 558.021.1(3), RSMo Supp.1984. The exhibits established beyond a reasonable doubt that defendant had been found guilty of two felonies committed at different times. The trial court found that those convictions occurred so it necessarily determined, and could have reached no other conclusion, that the offenses were committed at different times. The trial court's findings were sufficient to sentence defendant as a persistent offender. This point is denied.

Defendant asserts in his remaining point that the trial court erred in submitting a verdict-directing instruction on felonious stealing because (a) the amended informa-

tion was insufficient to charge that offense as it alleged that the defendant stole "guns" without specifying their value and "guns" is not the type of property the stealing of which is made a felony by statute without regard to value, and (b) the instruction was insufficient for the same reason as it used the term "guns".

 Stealing "firearms" is a class C felony without regard to their value. § 570.030.3(3)(d), RSMo Supp.1984. One count of the information stated that defendant "committed the Class C Felony of Stealing". It alleged that defendant appropriated "Guns", without setting forth their value. The instruction required the jury to find that defendant "appropriated guns" and did not require the jury to find their value.

Defendant contends that "guns" would include "BB guns, air guns, water guns, toy guns, cap pistols, decorative guns, paint guns, and many other items and things not properly classified as 'firearms'." We do not agree. When "guns" is used without modification or further description, it is commonly understood to refer to firearms. It would have been so understood here.

"Gun" means any firearm for throwing projectiles by the explosion of gunpowder. *State v. Barrington*, 198 Mo. 23, 95 S.W. 235, 263 (banc 1906), appeal dismissed, 205 U.S. 483, 27 S.Ct. 582, 51 L.Ed. 890 (1907). Other authorities use similar definitions. See *State v. Faulkner*, 5 N.C.App. 113, 168 S.E.2d 9, 13 (1969) (Gun is a portable firearm); *Highsaw v. Creech*, 17 Tenn.App. 573, 69 S.W.2d 249, 252 (1933) (Gun in usual sense is a weapon which throws a projectile or missile to a distance; a firearm for throwing a projectile with gunpowder; airgun, not a "gun"); Black's Law Dictionary, 836 (rev. 4th ed. 1968); 39 C.J.S. Gun, p. 449 (1976); 94 C.J.S. Weapons, § 1, p. 470 (1956). See also *State v. Barnes*, 253 N.C. 711, 117 S.E.2d 849, 850 (1961) (Gun is a generic term and includes pistol). But see *State v. Streyar*, 119 Ariz. 607, 583 P.2d 263, 266 (App.1978) (Spring-operated BB pistol is a gun).

"Firearm" is not defined in Chapter 570. As used in Chapter 571 it is "any weapon that is designed or adapted to expel a projectile by the action of an explosive". § 571.010(5), RSMo Supp.1984. That comports with its nonstatutory definition. See Black's Law Dictionary, 761 (rev. 4th ed. 1968); 94 C.J.S. Weapons, § 1, p. 469 (1956). We conclude that both the information and the instruction were sufficient and that neither defendant nor the jury were misled as a result of the use of "guns". Defendant was not prejudiced by its use. This point is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.