Edward EAKINS, Appellant,

v.

STATE of Missouri, Respondent.

No. 52378.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant-appellant, Edward L. Eakins, appeals from the denial without an evidentiary hearing of his motion made pursuant to Missouri Supreme Court Rule 27.26, which was filed pro se and which was not amended after the appointment of counsel. In the motion movant requested that his convictions and sentences for second degree arson, Section 569.050, second degree burglary, Section 569.170, both class C felonies, and knowingly burning a building, Section 569.055, a class D felony, be vacated.[1] The convictions and sentences followed movant's guilty pleas to all three charges.

In his first point on appeal, movant asserts that the trial court erred in denying him relief where he was sentenced as a persistent offender without the requisite findings having been made to support a finding of persistent offender status. In his second point he alleges that his guilty pleas were not knowing and voluntary because they resulted from his attorney's promise that he would be released after doing a short period of "shock time." In his third point, movant asserts that "the motion court clearly erred in denying appellant's [movant's] claims regarding his trial attorney's failure to investigate the circumstances of the crime scene as well as the insurance photos of the scene on the basis that these allegations were conclusory and irrelevant to the voluntariness of the plea, where any lack of specificity in the factual allegations was due to his motion counsel's

---

1. All statutory references, unless otherwise stated are to RSMo 1986.

laxness in meeting her obligation to amend appellant's pro se motion so as to allege facts." We reverse and remand the cause for an evidentiary hearing with regard to movant's first two assertions.

Under Section 558.011(1) the maximum sentence which can be imposed for a class C felony is seven years imprisonment. The maximum sentence for a class D felony under Section 558.011(1) is five years imprisonment. However, if a defendant is found to be a dangerous or persistent offender, he can receive an enhanced sentence; up to a fifteen year sentence for a class C felony or a ten year sentence for a class D felony. Nothing in the record before this court indicates that movant was found to be either a dangerous or persistent offender; yet he received ten year sentences on each count. The sentences are to run concurrently. The state in its pleadings did not allege that movant was a dangerous offender.[2] *See* the requirement of Section 558.021(1). However, the state did allege that movant was a persistent offender.

Pursuant to Section 558.016(2), "[a] 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies *committed at different times*." Emphasis added. The indictment charging movant with all three offenses states that:

On August 11, 1983 defendant plead (sic) guilty to the felony of Tampering First Degree in the Circuit Court of the City of St. Louis.

On August 11, 1983 defendant plead (sic) guilty to the felony of Burglary Second Degree in the Circuit Court of the City of St. Louis, State of Missouri.

The only evidence introduced at the guilty plea hearing regarding movant's prior convictions was movant's admission that he had been convicted of "First Degree Tampering and Second Degree Burglary." When movant was asked by the court "[w]hen did they occur?," he replied "I believe it was April of last year."

■■■ A defendant can be found to be a persistent offender only if "[e]vidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a ..., persistent offender." Section 558.021(1)(2). Movant alleges that, even had the court made the requisite findings to justify the enhanced sentences, there would have been insufficient evidence to support those findings because there was no showing that the tampering and the burglary were committed "at different times." We agree. Without evidence that the offenses occurred "at different times" no finding that movant was a persistent offender would have been supported by the evidence, even if such a finding had been made by the trial judge.

The state cites *State v. Carrico*, 696 S.W.2d 511 at 514 (Mo.App.1985) for the proposition that even where the court has not explicitly found on the record that the offenses were committed at different times, a finding that defendant is a persistent offender may be upheld. We do not disagree with that proposition, though we do note that Section 558.021(1)(3) calls for specific findings of fact sufficient to classify a defendant as a "persistent offender," as that term is defined in Section 558.-016(3). *Carrico*, however, does not stand for the proposition that the state does not have to introduce evidence that the offenses occurred at different times in order for a finding of persistent offender status to be supported by the evidence. In *Carrico*, the court rested its decision on the fact that the state introduced exhibits which demonstrated that the offenses did occur at different times. *Carrico* at 514. This was not the case in the cause *sub judice*. The state also relies on the fact that movant knew before pleading guilty that the

---

**2.** Under Section 558.016(4), "[a] 'dangerous offender' is one who:

(1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted to inflict serious physical injury on another person; and

(2) Has pleaded guilty to or has been found guilty of a class A or B felony or a dangerous felony.

state's recommendation was ten years for each offense; the sentences to be run concurrently, and he did not voice an objection at that time. However, with or without the defendant's agreement with regard to a sentence, the state is bound by the penalties prescribed by the statutes.

The trial judge sentenced movant as a persistent offender without making "findings of fact that warrant a finding beyond a reasonable doubt that the defendant is a ..., persistent offender." Thus he did not comply with Section 558.021(1)(3), nor could he have made the necessary findings of fact on the evidence before him. However, the offenses may have occurred at different times. We therefore remand the cause for an evidentiary hearing on the issue of whether movant is, in fact, a persistent offender and for possible resentencing consistent with the outcome of that hearing. *See State v. Light*, 686 S.W.2d 538, 543 (Mo.App.1985).

■ Movant's second contention is that he pled guilty under the belief that he would be released "after serving 'shock time' on an eight year sentence" which his counsel had allegedly led him to believe and that therefore his guilty pleas were involuntary. We note first that his allegation that he believed he would only receive an eight year sentence is highly questionable in light of the fact that he acknowledged at the guilty plea hearing that he knew the state's recommendation was ten years. However, we note that the court alone determines, within the statutory limits, what sentence to impose and it is not bound by the state's recommendation. *See Abrams v. State*, 521 S.W.2d 177, 180 (Mo.App.1975).

■ The state contends that the motion court was correct in ruling that the above allegations were refuted by the record; especially in light of the fact that the trial judge specifically informed movant at the guilty plea hearing that he would not place him on probation. When a movant's claim that his plea was involuntary rests on an assertion that his counsel misled him the issue is whether movant's incorrect belief, in this case a belief that he would be released after doing "shock time," was reasonable. *See Wiles v. State*, 689 S.W.2d 786, 787 (Mo.App.1985) and *Marlatt v. State*, 672 S.W.2d 165, 167 (Mo.App.1984). The trial judge did refuse to consider probation, but he also granted a presentence investigation which he suggested might be useful to the probation and parole authorities. From the record before this court, without any testimony by movant or his trial counsel, we cannot determine whether movant's belief was reasonable. We do conclude, however, that the record does not conclusively refute movant's claim or "conclusively show that ... [he] is entitled to no relief." Rule 27.26(e). We therefore order that on remand an evidentiary hearing be held on this issue.

■ Finally, we address movant's contention that the motion court erred in denying his claim for relief based on the inadequacy of his trial counsel's investigation. Movant contends that because of that inadequate preparation, he was "compelled" to plead guilty and therefore his guilty pleas were involuntary. Movant asserts that if his allegations in this regard were conclusory and irrelevant, this would have been corrected by a lawyer-like amendment by his appointed counsel.[3] At the guilty plea hearing, however, the following colloquy took place between movant and the court:

Q [The Court] Are you pleading guilty voluntarily?

A [Movant] Yes, sir.

Q What does voluntary mean?

A On my own.

Q You've got it exactly right. Are you satisified with the legal services provided you ...?

A Yes, sir.

Q Any complaints about the manner in which she's handled this case?

A *No, Sir.* (Emphasis added).

Q Has she done everything she could, in your opinion, to represent you in this matter?

A Yes, sir.

---

**3.** No such amendment was made prior to the trial court's denial of the motion.

We agree with the motion court that the guilty plea transcript therefore refutes movant's assertion that he was constrained to plead guilty because of his knowledge that his attorney had failed to adequately investigate and prepare his case. He, himself, stated at the guilty plea hearing that this was not the case. Thus, under Rule 27.26(e) movant was not entitled to an evidentiary hearing with regard to this assertion. His third point is denied.

This cause is reversed and remanded for an evidentiary hearing and for possible resentencing.

CRANDALL and KAROHL, JJ., concur.