Dennis BUSBY, Appellant,

v.

STATE of Missouri, Respondent.

No. 53081.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 8, 1987.

Henry Paul Fox, Union, Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of second degree murder, § 565.004, RSMo 1978,

and rape, § 566.030, RSMo 1978, for which he was sentenced to life imprisonment for the murder and fifteen years for the rape to be served consecutively. Movant's conviction was affirmed in *State v. Busby*, 656 S.W.2d 820 (Mo.App.1983).

Movant seeks to vacate that conviction and sentence because of ineffective assistance of counsel. He asserts his attorney did not adequately prepare for trial because he failed to investigate the source of a bite mark on the victim's body. Movant claims an investigation would have revealed he was unable to make that mark because his four top teeth were missing in the front.

In order to establish ineffective assistance of counsel, movant must prove counsel failed to exercise the customary skill and diligence of a reasonably competent attorney and that he was prejudiced thereby. *Richardson v. State*, 719 S.W.2d 912, 915[1] (Mo.App.1986).

The 27.26 trial court found no prejudice to movant resulted from the lack of an investigation regarding the bite mark. In coming to this conclusion, the court considered the magnitude of evidence produced at trial incriminating movant. This evidence included, but was not limited to, testimony movant and victim were together on the evening of the murder; movant was near the scene of the crime later that evening; and movant confessed to having intercourse with the victim, his twelve-year-old niece, and then choking her to death.

Our review is limited to determining whether the findings, conclusions and judgment of the 27.26 trial court are clearly erroneous. Rule 27.26(j); *Richardson*, 719 S.W.2d at 915. Because the record is replete with evidence of movant's guilt, we find the motion court's judgment was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.