

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | |
|---|---|
| MORION S. DAWSON, | ) ED100276 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| v. | ) 12SL-CC04450 |
| | ) |
| STATE OF MISSOURI, | ) Honorable Mark D. Seigel |
| | ) |
| Respondent. | ) Filed: March 4, 2014 |

## Introduction

Morion Dawson (Movant) appeals the motion court's judgment denying, without an evidentiary hearing, his Rule 24.035[1] Motion to Vacate, Set Aside, or Correct the Judgment and Sentence and Request for Evidentiary Hearing (Rule 24.035 Motion). We affirm.

## Background

Movant pled guilty to the following charges: one count of burglary in the first degree, a class B felony; three counts of armed criminal action, unclassified felonies; and two counts of robbery in the first degree, class A felonies. At Movant's guilty plea hearing, the State recited the facts it would prove if Movant had a trial. Movant and two unindicted codefendants forced open the back door of the victim's house. Movant

---

[1] All rule references are to Mo. R. Crim. P. (2012), unless otherwise indicated.

pointed a gun in the victim's face, forced him away from the door, and hit him several times in the head with the gun. The two codefendants went to the bedroom and found the victim's friend hiding in the bathroom. One of them stepped on her neck and threatened to kill her, and they took her cell phone, money, and credit card. Meanwhile, Movant held the gun to the victim's head, threatened him, and took money from him. The victim was able to get the gun away from Movant and shot Movant twice, once in the arm and once in the leg. Police apprehended Movant two houses down from the victim's residence, and the victim later identified Movant from a photographic lineup as the individual who robbed him and assisted in the robbery of his friend.

After the State's recitation of these facts, Movant agreed they were true. He pled guilty to the charges against him pursuant to an agreement with the State, which the plea court accepted. Accordingly, the court sentenced Movant to fifteen years' imprisonment on the burglary count and twenty years' imprisonment on each of the remaining counts, all to be served concurrently.

Movant timely filed a *pro se* motion under Rule 24.035, and later his amended Rule 24.035 Motion through counsel. Movant alleged that his plea counsel was ineffective for misinforming Movant regarding the amount of his sentence he would be required to serve before he would be eligible for parole. Movant alleged that his counsel wrongly told him that a statute requiring service of 85 percent of a sentence for a dangerous felony did not apply to Movant's guilty pleas. Movant argued that but for this assurance by his counsel, Movant would not have pled guilty but would have proceeded to trial. Movant also argued that he was prejudiced because his plea counsel was not

2

prepared to go to trial. The motion court denied Movant's motion without an evidentiary hearing. This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); see Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). A motion court is not required to grant an evidentiary hearing unless: (1) the movant pleads facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. Dorsey v. State, 115 S.W.3d 842, 844-45 (Mo. banc 2003).

A claim of ineffective assistance of plea counsel must include unrefuted facts showing: (1) that plea counsel's performance was deficient, and (2) that the movant was prejudiced thereby. Webb v. State, 334 S.W.3d 126, 128 (Mo. banc 2011). Where there is a plea of guilty, prejudice exists when, but for counsel's deficient performance, there is a reasonable probability that the movant would not have pleaded guilty but insisted on going to trial. Id. A claim of ineffective assistance of plea counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005). If an examination of the guilty plea proceedings directly refutes a movant's claim that his plea was involuntary, then the movant is not entitled to an evidentiary hearing. Guynes v. State, 191 S.W.3d 80, 83 (Mo. App. E.D. 2006); see also Rule 24.035(h).

3

Discussion

Movant argues that the motion court erred in denying his request for an evidentiary hearing because his motion alleged unrefuted facts that his plea counsel was ineffective for misinforming him regarding the amount of his sentence he would have to serve. He also argues that but for such misinformation as well as his counsel's lack of preparedness for trial, he would not have pled guilty but would have insisted on going to trial. We disagree.

Section 558.019.3, RSMo. (Supp. 2012)[2] requires an offender pleading guilty to a dangerous felony to serve 85 percent of his or her sentence before becoming eligible for parole. Robbery in the first degree is defined by statute as a dangerous felony. Section 556.061.8. In his Rule 24.035 Motion, Movant alleged his trial counsel specifically told him that he would not have to serve 85 percent of his sentence because he had never been remanded to the Department of Corrections, and that the amount of his sentences he would actually be required to serve would be up to the Missouri Board of Probation and Parole, rather than the court. Given Section 558.019.3, these alleged statements by Movant's counsel are not accurate characterizations of the law applicable to Movant's plea.

These facts are similar to those of the Missouri Supreme Court's recent decision in Webb v. State, 334 S.W.3d 126 (Mo. banc 2011). There, the attorney for the movant (Webb) had also wrongly informed him that he would not have to serve 85 percent of his sentence when in fact Section 558.019.3 did apply to his plea. The Missouri Supreme Court noted previous cases holding that affirmative misinformation—in contrast to a failure to inform—given by counsel regarding parole eligibility may render a defendant's

---

[2] All statutory references are to RSMo. (Supp. 2012) unless otherwise indicated.

plea involuntary. Id. at 129 (citing Reynolds v. State, 994 S.W.2d 944, 946 (Mo. banc 1999)). Further, the Supreme Court found that responses to general inquiries from the plea court about whether anyone had made promises to a movant about the amount of time he or she would serve are not enough to refute a movant's allegation of such misinformation. Id. at 130. Thus, the Supreme Court concluded Webb was entitled to an evidentiary hearing because he alleged unrefuted facts showing his attorney affirmatively misinformed him and he was prejudiced thereby. Id. at 131.

As in Webb, Movant's allegation here that his attorney affirmatively misinformed him about the applicability of Section 558.019.3 to his guilty plea sufficiently alleged deficient performance on the part of counsel. However, unlike in Webb, the record refutes Movant's claim that he was prejudiced by this misinformation. In Webb, the State had argued that the record refuted Webb's claim because his sentence assessment report (SAR), which Webb reviewed with his attorney, contained the information regarding parole eligibility after serving 85 percent of the sentence. Id. at 131. Yet when the Supreme Court reviewed Webb's SAR, it found no such information. Thus, the Supreme Court concluded Webb was entitled to an evidentiary hearing because the record did not refute his claim. Id.

In contrast here, the transcript of Movant's guilty plea reflects that in response to the trial court's question regarding the range of punishment, the prosecutor stated that Movant would have to serve 85 percent of his sentences for each count of first-degree robbery:

> Count 5, Count 7 are the Robbery First Degree counts. That's a Class A felony, minimum of ten years to 30 years, to life imprisonment. . . . [The] Robbery First Degree Counts, Class A Felonies, have a statutory requirement that the defendant

5

> serve a minimum, or at least 85 percent of any sentence he receives under Counts 5 and 7, Robbery First Degree Counts.

When the court subsequently asked Movant whether he had any questions, Movant replied that he did not. Movant also answered affirmatively when the plea court asked him if he understood that the court could "impose any sentence within any range of punishment permitted by law." Movant's sentencing hearing took place two weeks after the court entered his guilty plea, and Movant did not raise any question at his sentencing about the prosecutor's statement that Movant was statutorily required to serve 85 percent of his sentences for first-degree robbery.

Given these facts, we find that the record refutes Movant's claim that he was prejudiced by counsel's alleged misstatement. Despite the alleged misinformation provided by counsel, the record shows that Movant was informed at the guilty plea hearing of the statutory requirement that he serve 85 percent of his sentences for first-degree robbery. See White v. State, 957 S.W.2d 805, 808 (Mo. App. W.D. 1997) (claim of prejudice from misinformation that movant would have to serve only 40 percent of sentence was refuted where counsel stated at sentencing hearing that movant would have to serve 85 percent of sentence). Therefore, Movant's mistaken belief that he would not have to serve 85 percent of his sentence before being eligible for parole was unreasonable. See Kennell v. State, 209 S.W.3d 504, 509 (Mo. App. E.D. 2006) (where no reasonable basis for movant's belief in light of guilty plea record, movant not entitled to relief); see also Michaels v. State, 346 S.W.3d 404, 409 (Mo. App. S.D. 2011) (distinguishing Webb, finding probation was specifically mentioned in plea agreements and during hearing, thus record refuted claim that mistaken belief regarding probation was reasonable).

6

Finally, Movant adds that he was prejudiced because his counsel was not prepared for trial. He does not argue this as a separate allegation of ineffective assistance of counsel, but rather he argues that this alleged lack of preparation and Movant's mistaken belief regarding parole eligibility together induced his decision to plead guilty, and without them he would have insisted on going to trial. Movant cites Royston v. State, 948 S.W.2d 454, 455 (Mo. App. W.D. 1997), and argues that counsel is ineffective where counsel's failure to investigate renders a defendant's plea involuntary. Having found no prejudice from Movant's mistaken belief regarding parole eligibility, and without a separate allegation of failure to investigate, we find no basis in the record entitling Movant to relief on his claim of prejudice resulting from these two allegations together.[3] Point denied.

## Conclusion

The motion court's denial of Movant's Rule 24.035 Motion without an evidentiary hearing was not clearly erroneous. We affirm.

_____
Gary M. Gaertner, Jr., Judge

Robert M. Clayton III, C. J., concurs.
Karl A. W. DeMarce, S. J., concurs.

---

[3] However, we also note that a claim of ineffectiveness for failure to investigate is refuted by the record where a movant affirmatively states on the guilty plea record that he or she is satisfied with the performance of counsel. Castor v. State, 245 S.W.3d 909, 914-15 (Mo. App. E.D. 2008). Movant made such a statement here.