Per Curiam:
Freddie Price appeals the denial of his amended Rule 24.035 post-conviction motion. Price alleged he was coerced into pleading guilty by his plea counsel's failure to prepare for trial, rendering the plea involuntary. After an evidentiary hearing, the Circuit Court of Jackson County denied his claim. Finding no error, we affirm. Rule 84.16(b).
MEMORANDUM[1]
Freddie Price ("Price") appeals the denial by the Circuit Court of Jackson County of his amended Rule 24.035[2] post-conviction motion which alleged that his guilty plea was not entered voluntarily. Price claims that his plea counsel was ineffective by failing to prepare for trial and that this deficient conduct coerced him into pleading guilty. After an evidentiary hearing, the motion court denied his claim. Finding no error, we affirm.
Factual and Procedural History
Price was indicted for murder in the first degree, armed criminal action, violation of an order of protection, and unlawful use of a weapon. These charges stemmed from the killing of Price's ex-girlfriend on June 4, 2014. Plea counsel represented *301 Price from June of 2015 through his guilty plea and sentencing on January 7, 2016.[3]
A plea agreement was reached in the case. Under its terms, the State filed an Information in Lieu of Indictment that reduced the charge of murder in the first degree to murder in the second degree, while maintaining the other charges from the original indictment. The State also agreed to dismiss a separate case charging Price with a class C felony of drug possession. Pursuant to the agreement, the State would recommend concurrent sentences of 25 years on the murder charge, three years on the armed criminal action charge, one year on the charge of violating a protective order, and four years on the charge of unlawful use of a weapon.
At the plea hearing, Price testified that he understood that he had a right to a jury trial, to call witnesses, and to testify or refrain from testifying on his own behalf. Price indicated he understood that the State carried the burden to prove him guilty beyond a reasonable doubt, and that he would be represented by counsel. Price acknowledged that he would be waiving these rights by pleading guilty, and stated that his plea was voluntary and not coerced. Price expressed satisfaction with the services of his attorneys and testified that they had performed all tasks requested of them. He stated that he had discussed his case with counsel and that he needed no more time to discuss his case with counsel before entering his plea. The trial court found Price had voluntarily, freely, and intelligently waived his rights; accepted his plea; and sentenced him in accordance with the plea agreement. After he was sentenced, Price again confirmed that he was satisfied with the conduct of his counsel.
Price filed a pro se motion for post-conviction relief. Counsel was appointed and timely filed an amended motion, which claimed that plea counsel was ineffective because she had not adequately prepared for trial, and that this lack of preparation coerced Price into pleading guilty.
At the evidentiary hearing plea counsel testified that, upon entering the case, she requested and was granted a six-month continuance of the trial date. She investigated the case and, at Price's request, continued to pursue plea negotiations with the State. Plea counsel deposed the State's witness, Roy Noles (who connected Price to the murder weapon), and stated that she found Noles credible and willing to testify. She testified that she explained to Price the hazards of going to trial on the original charges. Plea counsel testified that it was a "textbook murder 1" in that there was motive evidence related to "domestic violence issues against [Price]." Plea counsel indicated that she advised Price that it was in his best interests to work out a plea arrangement with the State, and that Price never expressed a desire to take the case to trial.
At the evidentiary hearing Price testified that he understood the importance of getting the charge reduced to murder in the second degree, because he did not want to risk a life sentence without parole (if tried on the first degree murder charge). Price acknowledged that his previous attorney had attempted to reach a plea agreement that would involve a sentencing recommendation of 20 years, and that he had asked him to "see if you can *302 get 15 years." Price testified that he continued to discuss a plea with plea counsel; yet also testified that he was "surprised" that she continued to try to work out a plea agreement. At the evidentiary hearing Price complained that plea counsel had not timely provided him a copy of the Noles deposition, had failed "to suppress a video" and protection order, and had failed to subpoena "a witness."[4]
The motion court noted that Price's testimony at the evidentiary hearing was inconsistent with his testimony at the plea hearing, and that his testimony at the evidentiary hearing was not credible. The motion court found that Price presented no credible evidence to support his claim that his guilty plea was involuntary and denied the motion for post-conviction relief, This appeal followed.
Analysis
Our review of the denial of a Rule 24.035 post-conviction motion is limited to determining whether the motion court's judgment was clearly erroneous. Rule 24.035(k); Cooper v. State, 356 S.W.3d 148, 152 (Mo. banc 2011). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." Cooper, 356 S.W.3d at 152. We presume that a post-conviction motion court's findings are correct, and we defer to its "superior opportunity" to assess the credibility of the witnesses. Davis v. State, 486 S.W.3d 898, 905 (Mo. banc 2016) (quoting Barton v. State, 432 S.W.3d 741, 760 (Mo. banc 2014)).
To prove a claim of ineffective assistance of counsel, "the movant must allege facts, not mere conclusions, demonstrating: (1) that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that counsel's deficient performance actually prejudiced the movant." DePriest v. State, 510 S.W.3d 331, 338 (Mo. banc 2017) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
In the context of a guilty plea, the defendant waives any claims counsel was ineffective "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." Accordingly, when the movant enters a guilty plea, the movant can only satisfy the prejudice requirement by alleging facts showing that but for counsel's deficient performance, the movant would not have pleaded guilty and would have gone to trial.
Booker v. State, 552 S.W.3d 522, 531 (Mo. banc 2018) (quoting Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005)) (internal citations omitted). A post-conviction movant must overcome the presumption that counsel was competent, and must "prove that the alleged ineffective assistance of counsel rendered his guilty plea involuntary." Edwards v. State, 954 S.W.2d 403, 408 (Mo. App. W.D. 1997). "Generally, the entrance of a plea of guilty waives any future complaint a movant might have about trial counsel's failure to investigate his case." Fox v. State, 819 S.W.2d 64, 66 (Mo. App. E.D. 1991).
At his plea hearing, Price made no complaint regarding plea counsel's preparation for trial. In fact, Price testified that he was satisfied with the performance of counsel, and that she had done all that he asked of her. See Dawson v. State, 423 S.W.3d 314, 318 n.3 (Mo. App. E.D. 2014) ("[A] claim of ineffectiveness for failure to investigate is *303 refuted by the record where a movant affirmatively states on the guilty plea record that he or she is satisfied with the performance of counsel."). Similarly, plea counsel testified at the evidentiary hearing that she had met with Price and requested a continuance, and that she had taken the deposition of Roy Noles in order to determine his credibility and availability to testify against Price at trial. In addition, plea counsel confirmed that she had investigated the case, that she had advised Price of the risks of taking the case to trial[5], and that she had (at Price's request) simultaneously pursued plea negotiations.[6]
The evidence regarding counsel's purported lack of preparation consisted solely of Price's conclusory testimony. Price complained of counsel's failure to suppress a video, but did not identify the video he wanted suppressed or the basis to suppress it. He indicated that plea counsel did not subpoena a witness, but he did not name the witness. Price failed to explain what specific information further investigation would have discovered, and how this might have impacted his decision to plead guilty. See Fox, 819 S.W.2d at 66 ("To succeed on a claim of lack of investigation, [the post-conviction] movant must allege what specific information movant's trial counsel failed to discover, that a reasonable investigation would have disclosed that information and the information would have aided the movant or improved the movant's position.").
The motion court determined that Price's claim that his counsel's conduct was deficient and that her lack of preparedness had coerced him into pleading guilty was refuted by the guilty plea record. See Dawson, 423 S.W.3d at 318 n.3. Indeed, the only evidence presented at the evidentiary hearing in support of the claim was offered through Price's own testimony and the motion court deemed his testimony not credible. We defer to the motion court on credibility issues. Davis, 486 S.W.3d at 905. The motion court concluded, and we agree, that plea counsel provided effective assistance of counsel, and that no credible evidence contradicted the voluntariness of Price's plea.
The motion court did not clearly err in denying Price's claim of ineffective assistance of counsel. Price's point on appeal is denied.
Conclusion
The judgment of the motion court is not clearly erroneous and, accordingly, is affirmed.

This informal, unpublished memorandum is provided to the parties to explain the rationale for the order affirming judgment. This memorandum is not a formal opinion and is not uniformly available. It shall not be reported, cited, or used in unrelated cases before this court or any other court. A copy of this memorandum shall be attached to any motion filed for rehearing or for transfer to the Supreme Court.

All citations are to Missouri Supreme Court Rules as revised in 2018 unless otherwise indicated.

Price was originally represented by another attorney who withdrew when he left his employment with the Missouri State Public Defender's office. Price's amended post-conviction motion makes no complaint regarding his previous attorney and only complains about the conduct of the attorney that represented him at his guilty plea and sentencing (referred to herein as "plea counsel").

Price did not identify the witness he believed should have been subpoenaed and did not indicate what video it was that he believed should be suppressed.

"`[Plea] counsel has a duty to advise [her] client of the strength of the State's case. Advice will not constitute coercion merely because it is unpleasant to hear.'" Robertson v. State, , 36 (Mo. App. W.D. 2016) (quoting Broyles v. State, , 688 (Mo. App. E.D. 1990)). Plea counsel's honest appraisal of the risks of trial and the advantages of a plea, though possibly unpleasant for Price to hear, did not constitute coercion.

Price testified at the evidentiary hearing that he was "surprised" that plea counsel was pursuing a plea. This contradicted his plea testimony, and was inconsistent with other portions of his evidentiary hearing testimony, where he acknowledged that he understood the importance of amending the charge to murder in the second degree, and admitted that he had encouraged counsel to pursue a plea agreement.