In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

 KURTIS D. NEWLON, ) No. ED109077
 )
 Appellant, ) Appeal from the Circuit Court of
 ) the City of St. Louis
 vs. )
 ) Honorable Steven R. Ohmer
 STATE OF MISSOURI, )
 )
 Respondent. ) Filed: July 27, 2021

 Introduction

 Kurtis Newlon (“Movant”) appeals the denial of his Rule 24.035 1 motion for post-

conviction relief. After four guilty pleas between January 2016 and September 2017, Movant

faced a total of sixty years in the Missouri Department of Corrections (“DOC”) under Mo. Rev.

Stat. § 559.115.2 Movant timely filed pro se and amended motions for post-conviction relief,

and the motion court denied his motion without an evidentiary hearing.

 In his sole point on appeal, Movant argues the motion court clearly erred in rejecting his

claim that his guilty pleas in 1622-CR02577 and 1722-CR02682 were involuntary due to

ineffective assistance of counsel. Movant contends his counsel assured him he would be

sentenced to a maximum of fifteen years in the DOC after pleading guilty, and he would not

1
 All rule citations are to the Missouri Supreme Court Rules (2018), unless otherwise indicated.
2
 All statutory citations are to RSMo (2016), unless otherwise indicated.
have pled guilty had he known the court could have sentenced him to sixty years in the DOC

under section 559.115.

 We affirm.

 Factual and Procedural Background

 On January 7, 2016, Movant pled guilty in two causes labeled 1522-CR05031-01 and

1522-CR05036-01. In 1522-CR05031-01, Movant pled guilty to one count of unlawful

possession of a firearm in violation of Section 571.070 and one count of resisting arrest in

violation of Section 571.150. The plea court sentenced Movant to fifteen years’ imprisonment in

the DOC for the unlawful possession of a firearm offense and seven years for resisting arrest,

with both sentences running consecutively for a total of 22 years. Both sentences were

suspended, and Movant was placed on five-year probation. In 1522-CR05036-01, Movant pled

guilty to one count of resisting a lawful stop in violation of Section 571.150. Movant received a

three-year sentence to run consecutive to the sentences in 1522-CR05031-01, bringing his total

sentence to twenty-five years. This sentence was also suspended, and Movant was placed on

five-year probation.

 On April 21, 2017, Movant pled guilty in cause number 1622-CR02577-01 to one count

of unlawful possession of a firearm in violation of section 571.070 and two counts of possession

of a controlled substance in violation of section 195.202. In these proceedings, Movant waived

his right to a probation hearing for causes 1522-CR05031-01 and 1522-CR05036-01 and

admitted he had violated the terms of his probation by pleading guilty in 1622-CR02577-01. The

plea court executed both sentences in the prior cases under section 559.115.3 The plea court also

3
 Section 559.115 allows a court to issue a sentence with probation contingent on completion of the Institutional
Treatment Program. This drug treatment program spans 120 days and, upon successful completion, the offender is
released on probation.

 2
took time to ensure that Movant entered his guilty plea knowingly and voluntarily in the

following colloquy:

 [Plea Court]: Have any threats or promises been made to you in order to make you plead

guilty?

 [Movant]: No, sir.

 [Plea Court]: Pleading guilty of your own free will?

 [Movant]: Yes.

 ...

 [Plea Court]: All right. So, Mr. Newlon, you understand the range of

 punishment?

 [Movant]: Yes, sir.

 [Plea Court]: And there’s not an agreement here between you and the state as to

 what the punishment should be, so the full range is up to me to impose upon you

 as I see fit. Do you understand that?

 [Movant]: Yes, sir.

 [Plea Court]: So I could sentence you to the minimum of one day or the maximum

 sentence of 45 years if the sentences would run consecutive with each other; I

 could impose fines up to $15,000; I could grant you probation or not grant you

 probation; and I know there’s been discussion about the Treatment Court Program

 and I’m certainly open to that, and I believe he’s qualified for that program.

 [Movant’s Counsel]: He has indeed, Your Honor.

 [Plea Court]: And the probation officer was also here this morning and he’s in

 agreement with that as well. And I guess, sir, what I would say to you is if I do

 3
 that, and I’m leaning towards doing that, what happens is as long as you complete

 the Treatment Court Program, then all is well. But if you don’t, then we’ll come

 back here for formal sentencing and then that full 45 years plus your probation

 matters here would be open to this Court. Do you understand that?

 [Movant]: Yes, sir.

 [Plea Court]: Knowing all that, do you still wish to plead guilty?

 [Movant]: Yes, sir.

The plea court then sentenced Movant as a prior and persistent offender to three concurrent

fifteen-year sentences to run consecutively with the prior sentences for a total of forty years.

 On September 21, 2017, Movant pled guilty in cause number 1722-CR02682-01 to two

counts of possession of a controlled substance in violation of section 195.202 and one count of

misdemeanor resisting a lawful stop in violation of section 575.150. Again, the plea court asked

Movant questions to ensure his plea was voluntary:

 [Plea Court]: And have any threats or promises been made to you in order to make you

 plead guilty here today?

 [Movant]: No, sir.

 [Plea Court]: Are you pleading guilty of your own free will?

 [Movant]: I am.

 ...

 [Plea Court]: And there is not an agreement here between you and the State as to

 what the sentence or punishment should be, so the full range is open to me to

 impose upon you as I see fit. Do you understand that?

 [Movant]: Yes, sir.

 4
 [Plea Court]: So I could sentence you to the minimum sentence of three years;

 maximum sentence of 21 years if all the sentences were run consecutive; I could

 grant you probation or not grant you probation; could impose a fine up to $2,000;

 or do some combination of jail time, probation and a fine. Do you understand

 that?

 [Movant]: Yes, sir.

 [Plea Court]: And knowing all that, do you still wish to plead guilty?

 [Movant]: Yes, sir.

 ...

 [Plea Court]: So, sir, I put a lot of time over your head, but frankly, I was

 prepared to give you time, but I’m going to go along with this 120-day treatment.

 It is really now or never for you to make this happen. You’re getting an

 opportunity here that, you know, very few would get for four cases and what’s

 gone on while you have been on cases. It’s really inexcusable, but, you know,

 we’ll go ahead and give the—give you the chance, but you need to make it

 happen. If not, we’ll be back and you’ll just do the 60 years. Understand?

 [Movant]: Yes, sir.

The plea court sentenced Movant as a prior and persistent offender to two consecutive ten-year

sentences for each possession of a controlled substance offense and thirty days for the

misdemeanor resisting a lawful stop offense. These sentences were to run consecutively with

Movant’s prior sentences for a total of sixty years subject to Section 559.115. The Movant failed

to complete the Institutional Treatment Program and now faces sixty years in the DOC.

 5
 Movant timely filed pro se and amended Rule 24.035 motions. In his amended motion,

Movant claimed he received ineffective assistance of counsel due to misrepresentations made by

his counsel as to the maximum sentence he would receive after his guilty pleas in cause numbers

1622-CR02577-01 and 1722-CR02682-01. According to Movant, plea counsel improperly

induced his guilty pleas by telling him he would receive “no more than a fifteen-year sentence

pursuant to § 559.115 if he pled guilty to all charges” in those cases. The motion court denied

Movant’s motion without an evidentiary hearing, finding “no evidence in the records to support

any allegation of ineffective assistance of counsel.”

 This appeal follows. Additional factual and procedural history will be provided below as

necessary to address Movant’s claims.

 Standard of Review

 Appellate review of the denial of a Rule 24.035 motion “is limited to a determination of

whether the motion court’s findings of fact and conclusions of law are clearly erroneous.” Rule

24.035(k). “The motion court’s findings are presumed correct.” Worthington v. State, 166

S.W.3d 566, 572 (Mo. banc 2005) (citing Black v. State, 151 S.W.3d 49, 54 (Mo. banc 2004)).

Findings of fact and conclusions of law are clearly erroneous if, after review of the entire record,

we are “left with the definite and firm impression that a mistake has been made.” Davis v. State,

486 S.W.3d 898, 905 (Mo. banc 2016); Johnson v. State, 527 S.W.3d 904, 906 (Mo. App. E.D.

2017).

 Discussion

 Movant argues the motion court clearly erred in denying his Rule 24.035 motion without

an evidentiary hearing because he alleged unrefuted facts which, if true, would warrant relief.

Movant asserts plea counsel’s misrepresentation of the maximum sentence the court would

 6
impose after his guilty pleas in 1622-CR02577-01 and 1722-CR02682-01 rendered the guilty

pleas involuntary because Movant was unaware of the potential sixty-year imprisonment he

faced. We disagree.

 Here, Movant analogizes to Eakins v. State, 734 S.W.2d 290 (Mo. App. E.D. 1987).

After entering guilty pleas for second-degree arson, second-degree burglary, and knowingly

burning a building, the movant claimed he relied on his plea counsel’s misrepresentation he

would only serve minimal “‘shock time’ on an eight-year sentence.” Id. at 293. The motion

court denied the movant’s claim without a hearing, finding his allegations were refuted by the

record. Id. at 291. This Court reversed and remanded for an evidentiary hearing, reasoning it

could not determine whether Movant’s belief in plea counsel’s representation was reasonable

without a hearing because the plea court’s on-record statements regarding probation did not

conclusively refute plea counsel’s alleged claims about shock time. Id. at 293.

 Eakins is not controlling. The Eakins court ruled narrowly on its facts and did not create

a new standard for ineffective assistance of counsel claims following a Rule 24.035 motion.

Rather, they determined that it was impossible, given the record before them, to determine

whether the movant’s reliance on the counsel’s alleged misrepresentation was reasonable. Here,

however, there is extensive evidence and discussion in the series of four guilty pleas showing the

Movant was well aware of his prior sentences and the range of potential consequences of

pleading guilty in 1622-CR02577-01 and 1722-CR02682-01.

 The State argues movants claiming a guilty plea was entered involuntarily based on the

misrepresentations of plea counsel are not entitled to an evidentiary hearing or post-conviction

relief where the court clearly explained the exact nature of the guilty plea and the range of

potential consequences. See Glover v. State, 477 S.W.3d 68, 76-77 (Mo. App. E.D. 2015);

 7
Dawson v. State, 423 S.W.3d 314, 318 (Mo. App. E.D. 2014); Thornton v. State, 456 S.W.3d

435, 440 (Mo. App. W.D. 2014); Cain v. State, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993).

The State reasons the guilty plea transcript and Movant’s own statements show he could not have

reasonably expected the fifteen-year sentence he alleges plea counsel promised him he would

receive after his guilty pleas in 1622-CR02577-01 and 1722-CR02682-01. See Johnson v. State,

921 S.W.2d 48, 51-52 (1996). We agree.

 To be entitled to post-conviction relief for ineffective assistance of counsel, movants

must show by a preponderance of the evidence that: “(1) [movant’s] trial counsel failed to

exercise the level of skill and diligence that a reasonably competent trial counsel would in a

similar situation, and (2) [the movant] was prejudiced by that failure.” Davis, 486 S.W.3d at 906

(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Prejudice may be demonstrated by

a showing there is a “reasonable probability that, but for counsel’s unprofessional errors, the

result of the proceeding would have been different.” Strickland, 446 U.S. at 694. The movant is

not prejudiced, however, “where the plea court corrects or clarifies inadequate or incorrect

advice by counsel and the defendant acknowledges his understanding of the court’s

admonishments.” Thornton, 456 S.W.3d at 440.

 When an ineffective assistance of counsel claim follows a guilty plea, “the claim of

ineffective assistance of counsel is ‘immaterial except to the extent it impinges on the

voluntariness and knowledge with which a movant pled guilty.’” Ventimiglia v. State, 468

S.W.3d 455, 462 (Mo. App. E.D. 2015) (alterations omitted) (quoting Cain, 859 S.W.2d at 717).

“If an examination of the guilty plea proceedings directly refute a movant’s claim that his plea

was involuntary, no ineffective assistance of counsel will be found.” Couch v. State, 611 S.W.3d

605, 613 (Mo. App. E.D. 2020) (citing Ventimiglia, 468 S.W.3d at 462).

 8
 Here, Movant’s claims of ineffective assistance of counsel are directly refuted by the

record and insufficient to warrant post-conviction relief. Despite Movant’s claims he would not

have pled guilty had he been aware of the potential sixty-year sentence available to the court, the

record shows the court repeatedly informed Movant of the nature and potential consequences of

his respective guilty pleas in cause numbers 1622-CR02577-01 and 1722-CR02682-01.

 The plea court, in both cases, conveyed the judge’s ability to impose the sentence as he

saw fit and questioned Movant to ensure his guilty plea was voluntary. When asked whether he

understood the judge could impose a sentence of up to 45 years in 1622-CR02577-01 and up to

21 years in 1722-CR02682-01, Movant replied “[y]es, sir.” Similarly, when asked if any threats

or promises had been made to induce his guilty pleas, Movant answered there were not and he

was pleading guilty of his own free will. Movant’s answers to these questions were sufficient to

establish his understanding. Voegtlin v. State, 464 S.W.3d 544, 553 (Mo. App. E.D. 2015);

Jones v. State, 829 S.W.2d 47, 49-50 (Mo. App. E.D. 1992) (holding “[t]he voluntariness of the

plea and a movant’s understanding of the nature and consequences of the plea may be

established by the court’s questions to the movant and movant’s affirmative responses thereto”);

see Dawson, 423 S.W.3d at 318. Given the motion court’s effort to communicate the nature of

his guilty plea and the Movant’s own testimony he understood what he was agreeing to, the

motion court did not clearly err in denying his Rule 24.035 motion for post-conviction relief.

 And the motion court did not clearly err in failing to grant Movant an evidentiary hearing

before issuing its ruling on his Rule 24.035 motion. The court need not hold an evidentiary

hearing if it finds the “motion and the files and records of the case conclusively show that the

movant is entitled to no relief.” Rule 24.035(h); Thompson v. State, 449 S.W.3d 53, 58 (Mo.

App. W.D. 2014). To be entitled to an evidentiary hearing, “a movant must: (1) allege facts, not

 9
conclusions, that, if true, would warrant relief; (2) these facts must raise matters not refuted by

the record and files in the case; and (3) the matters complained of must have resulted in prejudice

to the movant.” Lomax v. State, 507 S.W.3d 619, 625 (Mo. App. E.D. 2016) (quoting Barnett v.

State, 103 S.W.3d 765, 769 (Mo. banc 2003)). In guilty pleas, a movant is not entitled to an

evidentiary hearing when their statements during guilty plea proceedings refute their claims of

ineffective assistance of counsel. Voegtlin, 464 S.W.3d at 553; Glover, 477 S.W.3d at 76-77;

Dawson, 423 S.W.3d at 316; Cain, 859 S.W.2d at 717.

 Here, Movant’s claim of ineffective assistance of counsel was refuted by the record of his

guilty plea proceedings. Despite Movant’s claim his guilty pleas in 1622-CR02577-01 and

1722-CR02682-01 were involuntary due to ineffective assistance of his counsel, the record

shows the plea court advised Movant of the exact nature of the guilty pleas and Movant

understood the potential consequences before voluntarily pleading guilty. The motion court did

not have to hold an evidentiary hearing on the matter.

 Conclusion

 For the reasons stated above, the judgment is affirmed.

 _______________________________
 Philip M. Hess, Judge

Gary M. Gaertner, Jr., P.J. and
Michael E. Gardner, J. concur.

 10