Larry James DYKES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10757.

Missouri Court of Appeals, Springfield District.

Oct. 17, 1978.

Motion for Rehearing or Transfer Denied Dec. 6, 1978.

Robert W. Richart, Edward James Hershewe, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

Before FLANIGAN, P. J., STONE and TITUS, JJ., and MOORE, KENNEDY, PYLE and CAMPBELL, Special Judges.

DON W. KENNEDY, Special Judge.

This is an appeal from the trial court's order overruling defendant (as we shall designate movant) Larry James Dykes' motion under Rule 27.26, V.A.M.R. to vacate, set aside or correct sentences in two cases, one of rape and the other of robbery.

On September 27, 1976, defendant Dykes pleaded guilty in the Circuit Court of Jasper County to separate charges of rape and robbery. He was sentenced to 25 years' imprisonment in each case, to be served concurrently. He later filed in the same court this motion under Rule 27.26, V.A. M.R. to vacate the sentences. The trial court declined to appoint counsel for defendant and overruled his motion without an evidentiary hearing. It is from this order that the defendant has appealed to this court.

If the allegations of the motion are refuted by the record of the guilty plea and sentencing proceedings, as the trial court found, then the action of the trial court is correct and should be affirmed. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974).

The defendant as grounds for his motion says therein that he was told by his counsel, before his guilty plea was entered, that he would receive a 5-year sentence in the robbery case and that the rape case would be dismissed—that if he did not agree to this arrangement he would get 25 years upon trial.

This allegation is thoroughly refuted by the transcript of the guilty plea and sentencing proceedings. The rape case was taken up first. At that time the assistant prosecuting attorney and defendant's counsel, the public defender, advised the court that they had agreed upon a 25-year sentence in the rape case, with a like sentence in the robbery case to be served concurrently. The court asked the defendant if he had been advised of this bargain before he entered his guilty plea. He answered that he had. When the court granted allocution, the defendant said: "Well, 25 years is a long time, I'll admit that, and I am sorry about what happened, but that is not going to help either. I know I done wrong, and I've got to pay for it. I think that's all I have to say."

The court then sentenced the defendant to 25 years' imprisonment by the Department of Corrections.

The robbery case was taken up immediately following the rape case. The prosecutor recommended a sentence of 25 years to run concurrently with the 25-year sentence in the rape case. The court asked the defendant: "This is a correct statement and what we just went over in the preceding case, is that not true?"

"Yes, sir, it is true," the defendant answered.

Defendant was asked by the court if he had any legal reason why sentence ought not to be pronounced, and then if he had anything to say to the court before sentence was pronounced. To each question the defendant answered, "No, Sir."

Two felonious assault cases and another robbery case against the defendant were dismissed by the State.

From the foregoing it is quite clear that the defendant was fully informed and was acting under no misunderstanding when he entered his guilty plea. Defendant has shown no right to relief on this point.

■ Next, defendant says his counsel had not given him effective assistance. At the sentencing proceeding he stated in answers written on a printed questionnaire that his counsel had done or omitted nothing of which he had any complaint. In his motion for relief under Rule 27.26, V.A.M.R., however, he complains of two omissions by his counsel.

Defendant says first that his counsel failed to interview an unnamed witness.

We pause here to recount the facts of the original crime gathered from the record of the sentencing proceeding: The defendant was alleged to have picked up two girls in Springfield who wanted defendant to drive them to Joplin. Defendant drove on a country road, forced the girls at knife point to undress, raped one of them, took the purse of the other one and drove off leaving them by the roadside.

Now in his motion defendant says the girls had a male companion who was also an occupant of his car, and that he discharged all three of them from his car because of an altercation with the male companion. It is this unnamed male who the defendant says should have been interviewed by his attorney. (We can find no reference to any male companion of the girls in the transcript of the guilty plea and sentencing proceeding.)

This complaint of the defendant has a hollow sound in view of his admissions at the sentencing proceeding. He admitted not only the ultimate facts of rape and robbery as charged in the informations, but also admitted the underlying evidentiary facts. In response to the court's questions, he admitted he had had intercourse with "the girl" against her will, by threatening her with a knife which he held in his hand, and that she afterward had several knife wounds. He likewise acknowledged the accuracy of an account of the robbery which was that he threatened to kill the raped girl and her companion, who gave him her purse as an inducement to let them go.

In view of these admissions, going far beyond a formal guilty plea to a formal accusation, he cannot now be heard to say that some witness might have given an exculpatory version contrary to the defendant's own. *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977).

Then defendant says in his motion that his attorney was derelict in not requesting a hearing on defendant's sanity, as authorized by § 552.020(6), RSMo 1969. Defendant had entered a plea of "not guilty by reason of mental disease or defect," and the court had ordered a mental examination. Defendant was examined at State Hospital No. 1 at Fulton over a 22-day period. The finding of such examination was that the defendant was suffering from no mental disease or defect.

At that point, nothing else appearing to suggest to defendant's attorney that defendant had a mental disease or defect excluding criminal responsibility—and no such suggestion appears anywhere in this record, —defendant's attorney was under no responsibility to pursue it further. An attorney does not have to chase down every will-o'-the-wisp. He is to use an informed and trained judgment to select viable defense theories and to discard fanciful ones.

In sum, we find no basis for defendant's claim that he was denied effective assistance of counsel.

Defendant's brief in this court argues that he did not voluntarily and knowingly waive his constitutional rights, including the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant's motion, however, upon which the trial court ruled, contained no such allegation. We therefore do not consider that question. *Coleman v. State*, 542 S.W.2d 53, 54–55 (Mo.App.1976). We note, however, that his answers to the written questionnaire, made with assistance of counsel and adopted by his statement to the court, show an informed waiver of these rights.

It appearing that the allegations of defendant's motion under Rule 27.26, V.A.M.R. are refuted by the record of the guilty plea and sentencing proceedings, as found by the trial court, the order overruling said motion is hereby affirmed.

All concur.