Cadaykonka MARTIN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 95786.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 2011.

---

Jessica M. Hathaway, Saint Louis, MO, For Appellant.

Chris Koster, Attorney General, Timothy A. Blackwell, Assistant Attorney General, Jefferson City, MO, For Respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Cadaykonka Martin appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We affirm.

## I. BACKGROUND

Martin pled guilty to one count of first-degree statutory sodomy and two counts of first-degree child molestation. Pursuant to a plea bargain, he was sentenced to fifteen years' imprisonment for the first-degree statutory sodomy count and fifteen years' imprisonment for each first-degree child molestation count, with the sentences to be served concurrently. Martin filed a motion for post-conviction relief under Rule 24.035 on the grounds he was denied the right to effective assistance of counsel. Counsel was appointed and filed an amended motion and request for evidentiary hearing. The court denied Martin's request for an evidentiary hearing and denied Martin's motion for post-conviction relief. Martin now appeals.

## II. DISCUSSION

### A. Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Nesbitt v. State*, 335 S.W.3d 67, 69 (Mo.App. E.D. 2011). The motion court's findings and

---

1. All references to Rules are to Missouri Supreme Court Rules (2011).

conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Nesbitt,* 335 S.W.3d at 69.

■■■■ To receive an evidentiary hearing, a movant's motion for post-conviction relief must allege facts, not conclusions, warranting relief; the facts alleged must not be refuted by the record; and the allegations complained of must have prejudiced the movant. *Mullins v. State,* 262 S.W.3d 682, 684 (Mo.App. E.D.2008). A movant is not entitled to an evidentiary hearing if the record of the guilty plea hearing directly refutes his claim that his plea was involuntary. *Guynes v. State,* 191 S.W.3d 80, 83 (Mo.App. E.D.2006).

**B. The Motion Court did not Clearly Err in Denying Martin's Rule 24.035 Motion for Post–Conviction Relief Without an Evidentiary Hearing**

■■■■ In his sole point on appeal, Martin claims the motion court clearly erred in denying his request for post-conviction relief because he was denied effective assistance of counsel. According to Martin, plea counsel ("Counsel") was ineffective for unreasonably pressuring him to plead guilty by telling him that if he went to trial he would not see his son again, by not communicating with him about what work she had done on the case, and by telling him that he would not get a jury of his peers if he went to trial.[2]

■■■■ In order to establish a claim of ineffective assistance of counsel, a movant must show that counsel's performance failed to conform to the degree of skill,

care and diligence of a reasonably competent attorney, and as a result the movant was prejudiced. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). A movant's claim of ineffective assistance of counsel after pleading guilty is relevant only if it affects whether the movant's plea was made voluntarily. *Mullins,* 262 S.W.3d at 684. A defendant's guilty plea is involuntary if "the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Chaney v. State,* 223 S.W.3d 200, 206 (Mo.App. S.D.2007). However, a counsel's mere prediction regarding the possible consequences or outcome of a case does not lead to a finding of coercion rendering a defendant's guilty plea involuntary. *Burnett v. State,* 311 S.W.3d 810, 818 (Mo.App. E.D. 2009). An able attorney has the duty to strive to facilitate a client's understanding of all the possible consequences of alternatives and trial strategies. *Nesbitt,* 335 S.W.3d at 69.

■■■■ Here, Martin claims Counsel was ineffective because she coerced him into pleading guilty by telling him that unless he pled guilty, he would never see his son again. However, even assuming Counsel did make this statement to Martin, it was merely a prediction of a possible consequence Martin might face as a result of not pleading guilty. If Martin accepted the plea bargain, he would receive a maximum of fifteen years' imprisonment. However, if Martin did not plead guilty and went to trial, he faced a possible maximum sentence of sixty years.[3] Thus, Counsel's alleged statement that Martin would not see

---

2. Although Martin makes this general claim about Counsel in his amended motion, Martin specifically alleges only an investigator told him he would not receive a jury of his peers. Comments made by an investigator would not constitute ineffective assistance of counsel.

3. Martin pled guilty to first-degree statutory sodomy (Count I) and the class B felonies of first-degree child molestation (Counts II and III). He could have been sentenced to the maximum sentence of thirty years for Count I, and the maximum sentence of fifteen years

his son again if he did not plead guilty was a reasonable prediction in light of Martin's potential sentence if he went to trial.

 Furthermore, the record clearly refutes Martin's claim regarding Counsel's alleged ineffectiveness in failing to communicate with him about the work she had done on his case. Martin informed the court he had been given sufficient time to discuss the case with Counsel and that Counsel complied with any request he made of her. Martin told the plea court Counsel did everything she should have with regard to the case and she investigated the case to his satisfaction. More importantly, Martin informed the court multiple times he was satisfied with the services Counsel rendered and also stated he had no complaints or criticisms of her. Where a movant repeatedly assures the court he or she is satisfied with counsel's performance and counsel has done everything requested, the movant cannot later obtain post-conviction relief based upon a claim of ineffective assistance of counsel. *Holland v. State*, 990 S.W.2d 24, 31 (Mo.App. E.D. 1999). Thus, any allegation that Counsel was ineffective is refuted by Martin's own assurances to the plea court. The motion court did not clearly err in denying Martin's request for post-conviction relief based upon his claim of ineffective assistance of counsel. Martin's sole point on appeal is denied.

### III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J. and GEORGE W. DRAPER III, J., concur.

for Counts II and III, with the sentences to run consecutively. *See* section 566.062.2 RSMo Supp.2006; section 558.019.4(1)

RSMo Supp.2006; section 566.067.2 RSMo Supp.2006; section 558.011.1(2) RSMo Supp. 2006.