

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | WD77202 |
| | ) | |
| KRISTOPHER ALLEN ANDERSON, | ) | Opinion filed: May 19, 2015 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI
THE HONORABLE ABE SHAFER, JUDGE**

Before Division Two: Lisa White Hardwick, Presiding Judge,
Victor C. Howard, Judge and Cynthia L. Martin, Judge

Kristopher Anderson appeals his conviction following a bench trial for enticement of a child, section 566.151, RSMo Cum. Supp. 2013, and sentence of five years imprisonment. In his sole point on appeal, he contends that the evidence was insufficient to support the conviction because the State failed to prove lack of entrapment beyond a reasonable doubt. The conviction is affirmed.

In reviewing the sufficiency of the evidence in a court-tried criminal case, the appellate court's role is limited to determining whether the State presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty. *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). The evidence and inferences are examined in the light most favorable to the verdict, and contrary evidence and inferences are ignored. *Id.*

Viewed in the light most favorable to the verdict, the evidence showed that, while working on another case, Detective Mark Stevens of the Cyber Crimes Unit of the Platte County Sheriff's Department received reports of children using the adult dating website DateHookup.com. Detective Stevens created a generic profile called Kaitlyn96 for the website. He listed the age of nineteen years old and provided a picture of a female deputy when she was fourteen or fifteen. The detective then posted the profile and waited for someone to contact Kaitlyn. Detective Stevens explained at trial that while the profile indicated that Kaitlyn was nineteen years old, he always told people right away that she was fourteen years old. Normally, people would tell her that she was too young to be on the website and stop talking to her. If someone continued to talk to her after learning her age, he would let that person direct the tone and subject matter of the conversation. Detective Stevens testified that he would never initiate sexual communications during the conversations.

On April 5, 2013, Detective Stevens logged on to DateHookup.com as Kaitlyn96. While online, he received a message from sharktank1234, who he later identified through an email as twenty-six-year-old Anderson. Anderson asked Kaitlyn if they could meet up and cuddle. Kaitlyn replied that she was "actually 14 years old." Anderson asked for her phone number so they could text or talk. They continued to converse on and off throughout the day.

Early in the conversation, Anderson told Kaitlyn, "I would be in more trouble than you, I'm married and you're only 14." He asked her, "What's your fave sexy position?" He then told Kaitlyn he wanted to meet her that day, suggesting they meet at the library at 5:00pm. Kaitlyn responded, "What if my mom comes home and I'm gone?" Anderson said, "Can you meet me there at 4:45 or 5?" Kaitlyn replied, "She will freak and start trying to find me." Anderson said, "We will go back to your house, have sex, and I will leave before she comes." He continued,

"You said she won't be home 'til 6. I'll be at the library at 4:45. What will you be wearing so I know it's you?" Kaitlyn said, "No, that's too close to when she gets here, I would be freaked out. She works at the boat and sometimes she don't eat lunch and comes home early. That would suck so bad." Anderson said again, "I promise you can ride with me back to your house, we will have sex and I will be gone by 5:30. It will work. I promise." Kaitlyn replied, "No, like, for real. I know her, she will catch us." Anderson asked, "Can you text her and ask her what time she will be home? Tell her you're going to walk to the library around 4:30." Kaitlyn then asked, "Why does it have to be so late?"

The conversation continued. Anderson asked Kaitlyn, "Is your hair short or long, what's your bra size, what kind of panties are you wearing?" He asked, "How many people have you had sex with, how long since your last time?" Kaitlyn told him that she had sex once with her boyfriend in Texas. Anderson asked, "So why do you want to have sex with me?" He said, "I want to lick and kiss you." Anderson told Kaitlyn, "I'm afraid to give you my number because I don't want you to text me one day when my wife is with me." He asked, "So do you want to be official in a relationship? We just can't tell anyone. I don't want to just have sex. I want us to make love and kiss and cuddle as much as possible." Later in the day, Anderson asked, "So where in your house you want to have sex?" and "What you going to do first, make out? You want me to take off your clothes?" He continued, "You want me to kiss your boobs and lick between your legs?" Anderson said, "I'm sure they are perfect. I'm pretty large. Can you handle me inside you?" He asked, "Do you like it slow or hard? Do you moan loud?"

Toward the end of the conversation, Kaityn said, "So you promise I won't get preg? You're totally cool with me like that? I wish I was older than 14 but I trust you." Anderson responded, "As long as you promise never to say anything, not even to your best friend, I'm

married and you're too young legally." Anderson asked Kaitlyn when her birthday was. She said it was in February, and Anderson replied, "So you just turned 14?" Kaitlyn said, "Yes."

Detective Stevens had determined that Anderson lived in Platte City and drove a Ford F-150. He was at the library when Anderson arrived. He and another officer took Anderson into custody. They did a quick pat-down search and found two cell phones. They asked Anderson for consent to search his vehicle, which he gave. At the Sheriff's Department, Anderson was read his Miranda rights, and he agreed to give a statement. He was very polite and responsive. He acknowledged having a profile on DateHookup.com and admitted talking to Kaitlyn96. He admitted that Kaitlyn was fourteen years old, that the conversation was sexual in nature, and that he was willing to meet her at the library for the purpose of having sex. Detective Stevens gave Anderson some paper telling him that he could write a letter to anyone if he chose to and left the room. Anderson wrote a letter apologizing to Kaitlyn's mother.

Anderson was charged with enticement of a child. He waived a jury trial, and the trial court found him guilty as charged and sentenced him to five years imprisonment. This appeal by Anderson followed.

The crime of enticement of a child is committed if a person at least twenty-one years of age or older "persuades, solicits, coaxes, entices, or lures whether by words, actions or through communication via the Internet or any electronic communication, any person who is less than fifteen years of age for the purpose of engaging in sexual conduct." § 566.151.1.[1]

The defense of entrapment is codified in section 562.066, RSMo 2000:

---

[1] Although not raised as an issue by Anderson, he was charged with enticement of a child rather than attempted enticement. *See* § 566.151.2 ("It is not an affirmative defense to a prosecution for a violation of this section that the other person was a peace officer masquerading as a minor."); § 566.151.3 (enticement of a child and attempted enticement are subject to the same statutory range of punishment); *State v. Almaguer*, 347 S.W.3d 636, 639 n.1 (Mo. App. E.D. 2011)(no error in State charging defendant with enticement of a child rather than attempted enticement where the victim was in fact a law enforcement officer); *State v. Davies*, 330 S.W.3d 775, 786-87 (Mo. App. W.D. 2010)(appellate court entered conviction for lesser included offense of attempted enticement where victim was a 25-year old intern pretending to be a 13-year old girl in an Internet sting).

4

1. The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the prescribed conduct because he was entrapped by a law enforcement officer or person acting in cooperation with such officer.

2. An "entrapment" is perpetrated if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct.

….

4. The defendant shall have the burden of injecting the issue of entrapment.

Missouri courts have adopted a two-part, subjective test for determining entrapment. *State v. Munoz*, 345 S.W.3d 888, 891 (Mo. App. W.D. 2011). The defendant has the initial burden to inject the issue of entrapment. *State v. Willis*, 662 S.W.2d 252, 255 (Mo. banc 1983); *Munoz*, 345 S.W.3d at 891-92. The defendant must present evidence showing both governmental inducement to engage in unlawful conduct and defendant's lack of a willingness to engage in such conduct. *Id.* "If [the] burden is met by the defense, then it is the State's burden to prove lack of entrapment beyond a reasonable doubt, which may be done 'by rebutting either defendant's evidence of inducement or by showing his predisposition.'" *Munoz*, 345 S.W.3d at 892 (quoting *Willis*, 662 S.W.2d at 255). If the defendant injects the issue of entrapment into the case, and the State's case contains no evidence of entrapment, entrapment is not established as a matter of law. *Willis*, 662 S.W.2d at 257. The fact finder is free to reject the defendant's allegations and conclude he was not unlawfully entrapped. *Id.*

"The basic question is whether the defendant's criminal activity was caused by the creative activity of the officer or by the defendant's own predisposition." *State v. Moore*, 904 S.W.2d 365, 368 (Mo. App. E.D. 1995). "[I]f criminal intent originates in the mind of the

5

defendant, it is no defense to charge that an opportunity is furnished or that an officer aids in the commission of the crime." *State v. Arnold*, 676 S.W.2d 61, 62-63 (Mo. App. S.D. 1984).

Anderson asserted entrapment as a defense at trial. He claimed that his intention was to find an adult female to meet and that the Platte County Sheriff's Department induced him to commit the crime of enticement of a child when it set up Kaitlyn's profile on an adult dating website. He further contended that the evidence showed his lack of a willingness to commit the crime. He noted that law enforcement officers did not find any child pornography or other communications with minors in his truck or on his cell phones or laptop. Additionally, no condoms, alcohol, contraband, or drugs were found in his truck. Substantial evidence, however, was presented to support lack of entrapment beyond a reasonable doubt.

First, the State rebutted the defense's evidence of inducement. The evidence showed that Anderson initiated the conversation with Kaitlyn and that Kaitlyn immediately disclosed that she was only fourteen years old. Despite her age, Anderson continued the conversation and suggested early on that the two should meet that day to have sex. He went on to ask Kaitlyn about her physical appearance and her sexual experience and to describe the sex acts he wanted to perform while repeatedly confirming that Kaitlyn was fourteen years old. Under these circumstances, Detective Stevens's creation of a profile on the adult website did not constitute entrapment but merely afforded an opportunity for the commission of the offense.

The State also showed Anderson's predisposition to commit the crime of enticement of a minor. As noted above, twenty-six-year-old Anderson quickly proposed a meeting with Kaitlyn to have sex. Anderson repeatedly acknowledged Kaitlyn's age and that their meeting to have sex was illegal but never expressed a reluctance or unwillingness to commit the crime. Furthermore, Detective Stevens gave Anderson several opportunities to back out of the meeting, which he did

6

not take. Besides her age, Kaitlyn mentioned time constraints and her anxiety about getting caught, but Anderson insisted on pursuing a sexual encounter showing that he was ready and willing to commit the crime. Finally, the absence of child pornography, other communications with minors, or other contraband did not negate the fact that Anderson proposed, planned, and attempted to meet a fourteen-year-old girl for the purpose of engaging in sexual conduct.

The State's case showed no evidence of entrapment; therefore, entrapment was not established as a matter of law. The trial court was free to reject Anderson's allegations of entrapment. The evidence was sufficient to support Anderson's conviction. Point denied.

The judgment of conviction is affirmed.


_____
VICTOR C. HOWARD, JUDGE

All concur.

7