David Alan LOWERY,
Movant-Appellant,

v.

STATE of Missouri, Respondent-
Respondent.

No. SD 34607

Missouri Court of Appeals,
Southern District,
Division Two.

May 12, 2017

Appellant's(s) Attorney: Ellen H. Flott-man, of Columbia, Missouri.

Respondent's(s) Attorney: Joshua D. Hawley, Attorney General, and Garrick Aplin, Assistant Attorney General, of Jefferson City, Missouri.

WILLIAM W. FRANCIS, JR., J.

David Alan Lowery ("Lowery"), appeals from the judgment of the motion court denying his Rule 24.035[1] motion to set

---

1. All rule references are to Missouri Court Rules (2016).

aside his convictions, without an evidentiary hearing, for forcible rape, and first-degree assault. Because the motion court's decision to deny the post-conviction motion was not clearly erroneous, we affirm.

### Facts and Procedural History

We set forth only those facts necessary to complete our review. In reviewing a denial of a motion for post-conviction relief without an evidentiary hearing, our review is in accord with the principle that the facts in movant's motion are presumed true unless refuted by the record. *Long v. State*, 441 S.W.3d 154, 156-57 (Mo. App. E.D. 2014).

On August 27, 2013, Lowery was charged by felony information in Webster County[2] with the unclassified felony of forcible rape (Count 1), pursuant to section 566.030;[3] the class C felony of felonious restraint (Count 2), pursuant to section 565.120; the class A felony of first-degree assault (Count 3), pursuant to section 565.050; the class A felony of first-degree assault (Count 4), pursuant to section 565.050; and the unclassified felony of armed criminal action (Count 5), pursuant to section 571.015.

On August 13, 2014, Lowery appeared with counsel at a plea hearing and informed the court that Lowery would be withdrawing his prior pleas of not guilty to Counts 1 and 4, in exchange for the dismissal of Counts 2, 3, and 5. Counts 1 and 4 would also carry a cap of 20 years, with concurrent sentences.

Lowery was informed of the range of punishment for the offenses to which he was pleading guilty, and that the court could order those sentences be served either consecutively or concurrently. Lowery stated he understood the range of punishment and the charges against him. The State explained that the plea agreement was in exchange for Lowery's guilty pleas to Count 1 of forcible rape, and Count 4 of assault in the first degree; a recommendation for a cap of 20 years on each count, to be served concurrently; and a dismissal of Counts 2, 3, and 5. Lowery confirmed that was his understanding of the plea agreement and denied he had been promised anything else in exchange for his guilty pleas.

The State outlined the factual basis for the plea, which included: (1) the victim's anticipated testimony that Lowery participated in assaulting her with metal pipes, a broomstick, and branded her on her buttocks with a fire-heated clothes hanger; (2) that Lowery punched her in the face knocking her unconscious; (3) that Lowery raped her as she was being held down by co-participants, while screaming "No," and telling him to stop; (4) Lowery's admissions to an investigator that he participated in branding the victim, had sexual intercourse with her while telling him to stop, and that another individual took the victim to the shower and washed her off; (5) the three co-participants' corroborative testimony; (6) two witnesses, including a doctor, who observed victim's injuries, as well as photographs of the injuries; and (7) physical evidence in the form of the clothes hanger believed to have been used to brand the victim.

Lowery confirmed he had sufficient time to discuss the case fully with defense counsel, including the strengths and weakness of the State's case; that he understood what the State's evidence would be if the case went to trial; and that the State's recitation accurately described the events that took place.

---

**2.** Later transferred to Hickory County on a change of venue.

**3.** All references to statutes are to R.S.Mo. 2000, unless otherwise indicated.

Lowery also confirmed he understood his right to persist in his plea of not guilty, understood all of his constitutional rights attendant to a jury trial, and that he was waiving those rights by pleading guilty. Lowery also stated his counsel had investigated the case to his satisfaction, she had done all the things he asked her to do, and he was satisfied with her services. Lowery further denied being threatened, intimidated, or mistreated into pleading guilty against his will, but rather confirmed that he was pleading guilty because he was guilty, was doing so of his own free will, and that it was his decision alone to plead guilty regardless of what advice or recommendations defense counsel had made. Lowery also submitted a "plea form" into evidence that contained many of the same questions and answers covered during the plea hearing, as further evidence that his plea was made voluntarily and intelligently. The court accepted Lowery's pleas of guilty as voluntarily and intelligently made, and the State dismissed Counts 2, 3, and 5, pursuant to the plea agreement.

On October 8, 2014, a sentencing hearing was held. The State outlined the facts of the case in more detail, including the fact that the rape kit came back negative because victim had been washed off after the rape, and several days had passed between the rape and the rape-kit analysis. The State then argued for a sentence of 20 years in the Department of Corrections, consistent with the plea agreement. Defense counsel called six witnesses to testify or make statements on Lowery's behalf.

At no time during the sentencing hearing did Lowery request that his guilty plea be set aside, although the court asked whether he knew of any reason sentence and judgment should not be pronounced. Lowery was sentenced to 20 years in the Department of Corrections on each count, with time served, to be served concurrently, consistent with the plea agreement.

Following the court's sentencing announcement, the court asked Lowery several questions regarding his satisfaction with defense counsel's assistance. At that time, Lowery reiterated that his counsel had investigated the case to his satisfaction, that she talked to witnesses he asked her to talk to, and that she did all of the things he asked her to do. Further, he denied that counsel did anything that he did not want her to do. As a result, the court found no probable cause to believe Lowery received ineffective assistance of counsel.

On April 7, 2015, Lowery timely filed a *pro se* Rule 24.035 motion for post-conviction relief. In his motion, Lowery asserted, in part, that: (1) he asked "the day before not to take the plea bargain and was told I wouldn't get any better"; (2) that although the "rape kit ... came back negative[,] ... my PD told me it didn't matter"; and (3) defense counsel "didn't investigate the case as well as she should of" because "[p]eople that I gave to her as witnesses to different things[,] ... [s]he didn't contact any of them other than my parents."

On April 29, 2015, a public defender entered his appearance on behalf of Lowery, and filed a "Statement in Lieu of an Amended Motion" on August 20, 2015. At a case management conference on July 12, 2016, Lowery's post-conviction attorney requested the motion court take the post-conviction motion under submission on the pleadings, without an evidentiary hearing. The motion court did so and on August 10, 2016, entered its "Findings of Fact, Conclusions of Law, and Judgment" denying Lowery's Rule 24.035 motion. This appeal followed.

In one point on appeal, Lowery asserts the trial court erred in denying his Rule 24.035 motion, without an evidentiary

hearing,[4] because Lowery pleaded factual allegations which, if proved, would warrant relief and which are not refuted by the record, "since counsel failed to investigate his case and told [Lowery] he had no choice but to plead guilty."

The issue for our determination is whether the motion court clearly erred in denying Lowery's Rule 24.035 motion, without an evidentiary hearing, based on the allegations in Lowery's motion regarding defense counsel's comments as to the plea deal, and counsel's alleged insufficient investigation.

### Standard of Review

■ We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the motion court's findings of facts and conclusions of law are clearly erroneous. A motion court's findings are presumed correct and we will overturn the ruling only if we are left with a definite and firm impression that a mistake has been made. *James v. State*, 462 S.W.3d 891, 893 (Mo. App. E.D. 2015)(internal quotation and citation omitted).

### Analysis

■ To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under the existing circumstances, and that movant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where conviction results from a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge

with which the plea was made." *Cooper v. State*, 356 S.W.3d 148, 153 (Mo. banc 2011) (internal quotation and citation omitted).

■ "To receive an evidentiary hearing, a movant's motion for post-conviction relief must allege facts, not conclusions, warranting relief; the facts alleged must not be refuted by the record; and the allegations complained of must have prejudiced the movant." *Martin v. State*, 343 S.W.3d 744, 746 (Mo. App. E.D. 2011). Prejudice is established if "a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Jones v. State*, 211 S.W.3d 210, 213 (Mo. App. S.D. 2007) (internal quotation and citation omitted).

■ However, at the outset, we note Lowery cannot claim error by the motion court in forgoing an evidentiary hearing because post-conviction counsel asked the court to take the motion under advisement *without* an evidentiary hearing. A party may not take advantage of self-invited error. *Taylor v. State*, 173 S.W.3d 359, 367 (Mo. App. S.D. 2005); *State v. Collier*, 892 S.W.2d 686, 691 (Mo. App. W.D. 1994); *State v. Kelly*, 689 S.W.2d 639, 640 (Mo. App. E.D. 1985).

Pursuant to Rule 24.035(e), appointed counsel filed a statement in lieu of an amended motion. As such, we look to the facts asserted in movant's *pro se* Rule 24.035 motion for purposes of evaluating the sufficiency of his claim. In Lowery's *pro se* motion, he asserted the following bases for his claim of ineffective assistance of counsel:

8.

    (a)   Because I asked … the day before not to take the plea bargain

---

4. The attorney who represented Lowery in his Rule 24.035 post-conviction motion was a different attorney than the one representing him in this appeal.

and was told I wouldn't get any better.

(b) I don't feel like I was defended to the best of my [defense counsel's] ability[.]"

(c) The rape kit also came back negative and my [defense counsel] told me it didn't matter[.]

9.

(a) I told my parents 3 days before my sentencing that I wasn't taking the plea bargain[.] I asked my mom to call my [defense counsel] and ask her to call me before court[.] [Defense counsel] called me the day before and talked to me the day of court and she told me to just take the plea bargain cause [sic] I wouldn't get any better.

(b) She didn't investigate the case as well as she should of [sic]. People that I gave to her as witnesses to different things. She didn't contact any of them other than my parents.

(c) I think that this should be considered.[5]

██ Excluding legal conclusions, which are not considered in evaluating the sufficiency of a Rule 24.035 motion, *Martin*, 343 S.W.3d at 746, the gist of Lowery's allegations are: (1) Lowery would have preferred not to plead guilty, did so only after defense counsel advised that the plea bargain was as good as would be achievable, and that the evidence in Lowery's favor would be unavailing if the matter proceeded to trial; and (2) defense counsel failed to sufficiently investigate his case before he pled guilty, in that the defense counsel failed to contact certain individuals whom Lowery identified.

*Defense Counsel's Commentary as to Evidentiary Significance and Merits of Plea Bargain*

In his motion, Lowery alleges that his defense counsel told him that "it didn't matter" that the results of victim's rape kit "came back negative," and that Lowery should accept the plea bargain because he "wouldn't get any better."

██ This allegation, boiled down, amounts to little more than a deprecation that defense counsel failed to deliver better news. Lowery's motion, on its face, would be insufficient to show that defense counsel failed in her professional capacities. Defense counsel is not ineffective for wielding her professional discernment to predict the relative exculpatory value of evidence at trial; nor is defense counsel ineffective for using her experience and judgment to weigh the strictures and advantages of a proposed plea deal against the likely outcome if the matter were to proceed to trial. *See Long*, 441 S.W.3d at 159. Such conduct is, in addition to sound pre-trial and plea-stage strategy, the *duty* of defense counsel; such duty also extends to communicating counsel's conclusions to his or her client. *Id.* To that end, the factual allegations in Lowery's motion do not make a case for ineffective assistance of counsel; to the contrary, Lowery's factual allegations trace the mandatory professional duties *imposed* on counsel. *See, id.*

Even if Lowery's motion did not fail on its face, the record refutes defense counsel's alleged shortcomings. At the plea hearing, Lowery agreed that the State would produce the evidence recited by the prosecutor if the matter went to trial. The State's case, as presented at the plea hearing, showed evidence of facts sufficient to

**5.** Lowery's *pro se* motion was handwritten and we have attempted to accurately quote its contents as best we can discern, including punctuation and capitalization.

convict Lowery of the crimes charged. Notably, the State's case was evinced not only by victim's testimony and supportive physical and documentary evidence, but anathematic corroborative testimony from Lowery's co-participants in the crimes against victim, and Lowery's *own* confession to an investigator imputing Lowery's umbilical role in the crimes.

At the sentencing hearing,[6] the State explained that the rape kit had come back "negative," but the evidence would show that this was attributable to co-participants having washed victim following the rape, and the fact several days had passed between the rape and the administration of the rape kit.

In the light of hindsight, strategic decisions made by defense counsel resulting in a guilty plea may quite often appear—to this Court, to a defendant then incurring the institutional price of his guilty plea, or even to counsel—wrongheaded, ill-advised, or short-sighted. However, in our judicial system, trial outcomes follow the idiosyncrasy and mercuriality of individual fact-finders; in matters of investigation, trial preparation, witness selection, order of evidence, personal style, and innumerable other matters, attorneys must wield their professional knowledge and expertise to shoe the foot as they can see it before them. In these capricious seas, we cannot, and do not, adjudge captains by shipwreck alone; rather, we look for both prejudice and non-strategic departures from standards of professionalism. *See,* ***Crocker v. State,*** 488 S.W.3d 127, 133 (Mo. App. E.D. 2016). Reasonable trial strategy is beyond challenge by defendant, and beyond remedy by the courts; we presume that actions of counsel arise out of reasonable trial strategy.[7] *See, **id**.*

Here, the record reflects that defense counsel's alleged admonitions regarding the strength of the State's case and the risks of going to trial were grounded in the sound exercise of professional discretion. The "negative" rape kit could be accounted for by the State's evidence, and there were prolific sources of evidence firmly implicating Lowery in the crimes charged. Defense counsel's alleged conduct was not only strategic, but wise and well considered. *See, **id**.*

Finally, even if this were not sufficient, Lowery repeatedly expounded to the court that he was satisfied with the conduct of defense counsel. In his plea hearing, Lowery indicated, in response to questions from the court that:

- He understood all of his constitutional rights attendant to a jury trial and that he was waiving those rights by pleading guilty.
- Defense counsel had investigated the case to his satisfaction, she had done

---

**6.** We note that "matters not part of the guilty plea hearing are dehors [on] the record[,]" and may not be considered in a Rule 24.035 hearing for purposes of evaluating whether there was a sufficient factual basis for defendant's guilty plea. ***Johnson v. State,*** 172 S.W.3d 831, 835 (Mo. App. S.D. 2005) (internal quotation and citation omitted). That is, the factual basis for the guilty plea, and the voluntary nature of the plea in derivation thereof, must be evinced or refuted by the record from "before a judgment is entered on the guilty plea." ***Id.*** at 836 n.4 (internal quotation and citation omitted).

"The record" for Rule 24.035 is more expansive when we review a motion asserting ineffective assistance of counsel. In such cases, "the record" may include the record of the guilty plea hearing, *and* the subsequent sentencing proceedings. ***Dykes v. State,*** 574 S.W.2d 697, 698 (Mo. App. S.D. 1978); *see also,* ***Barnes v. State,*** 385 S.W.3d 517, 522 (Mo. App. S.D. 2012).

**7.** We note that there are exceptions to this general principle, but see no benefit in propounding all such exceptions here.

all the things he asked her to do, and he was satisfied with her services.

- He had not been threatened, intimidated, or mistreated into pleading guilty against his will, but rather confirmed that he was pleading guilty because he was guilty, was doing so of his own free will, and that it was his decision alone to plead guilty, regardless of what advice or recommendations defense counsel had made.

██ Lowery also submitted a "plea form" into evidence that contained many of the same questions and answers covered during the plea hearing, as further evidence that his plea was made voluntarily and intelligently.

[A] motion court properly denies an evidentiary hearing on a motion for postconviction relief where the movant repeatedly assured the plea court that he was satisfied with counsel's representation and that counsel did everything he requested and the movant was given ample opportunity to express his duress to the court.

*Ballard v. State*, 500 S.W.3d 294, 302 (Mo. App. E.D. 2016) (internal quotations and citations omitted). Lowery sufficiently indicated to the court that he was satisfied with defense counsel's performance, and he was given ample opportunity to express to the court any of defense counsel's professional shortcomings.

For all of these reasons, Lowery's claim, based on defense counsel's commentary on the evidentiary value of the "negative" rape kit and the merits of the plea bargain, is wholly without merit.

### Insufficiency of Defense Counsel's Investigation Before Guilty Plea

Lowery's *pro se* motion also claimed that his plea was involuntary because defense counsel failed to sufficiently investigate his claim, in that: "People that I gave to her as witnesses to different things[,] … [s]he didn't contact any of them other than my parents."

As discussed in the preceding section, where movant "repeatedly assure[s] the plea court that he [is] satisfied with counsel's representation and that counsel did everything [movant] requested[,] and the movant [is] given ample opportunity to express his duress' to the court" but does not, an evidentiary hearing is properly denied by the motion court. *Ballard*, 500 S.W.3d at 302.

At the plea hearing, and at the sentencing hearing, Lowery clearly advised the court he had no complaints with defense counsel and her representation.

Lowery's repeated assurances to the court that defense counsel's performance had been satisfactory, and specifically, that defense counsel had investigated the matter to Lowery's satisfaction, directly refute the factual assertion in his *pro se* motion. Lowery had sufficient opportunity to express any issues or concerns he had with defense counsel's representation to the court, and Lowery did not do so; in fact, he affirmatively stated that defense counsel had contacted the witnesses Lowery had wanted her to. In other words, Lowery's claim that his plea was involuntary because defense counsel failed to sufficiently investigate the matter is directly refuted by the record. *See Martin*, 343 S.W.3d at 746.

In support of his argument that the preceding factual allegations were sufficient to warrant an evidentiary hearing on the involuntariness of his guilty plea, Lowery directs this Court to the holding of *Eakins v. State*, 734 S.W.2d 290, 293 (Mo. App. E.D. 1987). There, movant contended in his motion that he pled guilty under the

errant belief that he would be released " 'after serving 'shock time' on an eight year sentence,' " which counsel had allegedly led him to believe. *Id.* at 293. Our Eastern District reasoned as follows:

> We note first that his allegation that he believed he would only receive an eight year sentence is highly questionable in light of the fact that he acknowledged at the guilty plea hearing that he knew the state's recommendation was ten years. However, we note that the court alone determines, within the statutory limits, what sentence to impose and it is not bound by the state's recommendation. . . . . When a movant's claim that his plea was involuntary rests on an assertion that his counsel misled him the issue is whether movant's incorrect belief, in this case a belief that he would be released after doing 'shock time,' was reasonable. The trial judge did refuse to consider probation, but he also granted a presentence investigation which he suggested might be useful to the probation and parole authorities. From the record before this court, without any testimony by movant or his trial counsel, we cannot determine whether movant's belief was reasonable. We do conclude, however, that the record does not conclusively refute movant's claim or " 'conclusively show that . . . he is entitled to no relief.' " We therefore order that on remand an evidentiary hearing be held on this issue.

*Eakins*, 734 S.W.2d at 293 (internal quotations and citations omitted).

 In attempting to analogize the holding of *Eakins* to the matter before us, Lowery argues that "without an evidentiary hearing, this Court cannot conclude that [Lowery] understood what he was pleading to or whether he felt compelled to plead guilty." This argument is without merit. Neither Lowery's understanding of the plea deal, nor any purported compulsion to accept the plea deal, were sufficiently pled in the form of factual allegations in Lowery's *pro se* motion. As such, these issues are not preserved for our review, and we need not address them here. *Robertson v. State*, 502 S.W.3d 32, 35 n.4 (Mo. App. W.D. 2016). Point denied.

 The motion court did not clearly err in dismissing Lowery's *pro se* Rule 24.035 motion without an evidentiary hearing. *See James*, 462 S.W.3d at 893. The motion court's judgment is affirmed.

GARY W. LYNCH, P.J.—

NANCY STEFFEN RAHMEYER, J.— Concurs