

# Missouri Court of Appeals

## Southern District

### Division One

THOMAS STANLEY SKINNER II,                )
                                          )
    Movant-Appellant,                     )
                                          )
    v.                                    )    No. SD35983
                                          )
STATE OF MISSOURI,                        )    **Filed:  January 31, 2020**
                                          )
    Respondent-Respondent.                )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Calvin R. Holden, Circuit Judge

## AFFIRMED

Thomas Stanley Skinner II ("Movant") pled guilty to statutory rape in the first degree and statutory sodomy in the first degree of a single victim who was less than twelve years old at the time of the offenses in November 2014.  The trial court heard evidence of a second victim at the sentencing hearing.  Movant brought a motion for post-conviction relief claiming that plea counsel was constitutionally ineffective for guaranteeing that the evidence of the second alleged victim would not be presented at the sentencing hearing.  The motion court found that Movant failed to show how he was prejudiced by any "misadvice" of counsel because the evidence "would likely be

1

admissible at trial as propensity evidence pursuant to Missouri Constitution Article 1 Section 18(c)." Further, the motion court found that there was "no legal basis for the sentencing Court not to hear this testimony from another victim." Movant did not file a motion to amend the judgment under Rule 78.07(c) to include findings and conclusions regarding whether plea counsel "erroneously assured" Movant as alleged and whether, but for the advice, Movant would have insisted on going to trial.[1] "A claim of trial court error not raised on appeal is waived, whether or not preserved in the trial court." ***Watson v. State***, 545 S.W.3d 909, 914 (Mo.App. W.D. 2018).

Our standard of review was set forth in ***Davis v. State***, 486 S.W.3d 898, 905-06 (Mo. banc 2016):

> To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test in order to prove his or her claims. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, Movant must demonstrate that: (1) his trial counsel failed to exercise the level of skill and diligence that a reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure. *Id.* at 687, 104 S.Ct. 2052.
>
> . . . .
>
> "To establish relief under *Strickland*, a movant must prove prejudice." *Johnson [v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013)]. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

"Where a movant's conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges [upon] the voluntariness and knowledge with which the plea was made." ***Durst v. State***, 584

---

[1] To be clear, Movant does not claim in his point before us that the motion court erred in failing to include findings and conclusions on these issues. All rule references are to Missouri Court Rules (2019).

S.W.3d 817, 820 (Mo.App. S.D. 2019) (internal quotations and citation omitted). A post-conviction movant must show that "a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Lowery v. State*, 520 S.W.3d 474, 478 (Mo.App. S.D. 2017) (internal quotations and citations omitted).

In this case, the motion court found on the "prejudice basis," that is, that Movant was not prejudiced by any "misadvice" even if it did occur. Movant's plea counsel testified at the hearing: "There was never a serious discussion of going to trial. As I recall, [Movant] was always opposed to it. But as part of my representation, of course, it's something that I have to discuss with my client. So there were definitely discussions of it as a possibility." Plea counsel was sure that he discussed the second child victim's allegations with Movant. Plea counsel did not recall telling Movant that no evidence or argument of allegations of sexual misconduct with another victim would be presented at sentencing. In fact, his belief was that he "never affirmatively assured [Movant] that evidence of other victims would not come in at sentencing." His understanding of the law was that "pretty much anything can be brought up at . . . sentencing."

Movant reinforced plea counsel's testimony that Movant was opposed to going to trial and was intent on pleading guilty with his testimony at the plea hearing: "Early on I was very intent on pleading guilty to bring [my wife] peace, but I was told not to by my first public defender." Movant continued that he would have never let the second attorney schedule a trial but was never given a choice [about going to trial] until the time of the plea. He expressed his regret and desire to atone for what he put his family through. He testified he knew what the maximum punishment was and agreed to plead

guilty without an agreement as to punishment. The motion court did not err in finding no prejudice to Movant in any purported "misadvice." The point is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs