In the Missouri Court of Appeals
 Western District

 JIMMY O. CUNNINGHAM, )
 Appellant, ) WD84285
 v. )
 )
 STATE OF MISSOURI, ) FILED: March 8, 2022
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF ADAIR COUNTY
 THE HONORABLE RUSSELL E. STEELE, JUDGE

 BEFORE DIVISION THREE: ANTHONY REX GABBERT, PRESIDING JUDGE,
 LISA WHITE HARDWICK, AND THOMAS N. CHAPMAN, JUDGES

 Jimmy Cunningham appeals from the denial of his Rule 24.035 motion for

post-conviction relief after he pleaded guilty to attempted enticement of a child.

He contends the motion court clearly erred in denying his claim that plea counsel

was ineffective for failing to raise an entrapment defense before the guilty plea.

For reasons explained herein, we find no error and affirm.

 FACTUAL AND PROCEDURAL HISTORY

 In August 2017, Cunningham was charged with attempted enticement of a

child in violation of Section 566.151, RSMo 2016.1 The range of punishment for

1
 All statutory references are to the Revised Statutes of Missouri 2016.
attempted enticement of a child is between five and 30 years. § 566.151.3.

Cunningham pleaded guilty pursuant to a plea agreement in October 2018. The

agreement stipulated that in exchange for a guilty plea, the State would

recommend a 10-year sentence and would not file charges concerning a separate

incident.

 At the plea hearing, the State outlined the following evidence supporting

the charge. Detective Steve Feeney with the Kirksville Police Department engaged

in an undercover investigation of Cunningham’s social media profiles in July

2017. During the investigation, Feeney, acting in the persona of a 13-year-old girl,

contacted Cunningham on Facebook.2 During their conversations, Cunningham

expressed to Feeney’s persona that he wanted to be her online boyfriend, sleep

with her, kiss her, lay beside her, and make love to her. Cunningham made plans

to meet up with her at the Kirksville Wal-Mart on August 3, 2017. On that date,

Feeney met Cunningham at the Wal-Mart and placed him under arrest for

attempted enticement of a child.

 Cunningham conceded this would be the State’s evidence if the case went

to trial. Before the court accepted Cunningham’s guilty plea, Cunningham stated

he understood he was waiving his right to present defenses and evidence and to

go to trial. He denied he was suffering from any mental condition that impaired

2
 The transcript of the Facebook conversations indicates that Cunningham thought the person he
was talking to was 13 years old. At one point, Cunningham asked the persona if she thought he
was a “pervert” because he was a 37-year-old man “saying that he loves a 13 year old girl.”

 2
his ability to understand the proceeding.3 He also stated both that he was

satisfied with plea counsel’s services and that he had “sufficient opportunity to

consult with [plea counsel] concerning this charge and [his] rights under the law.”

Cunningham confirmed he was pleading guilty to the charge of attempted

enticement of a child because he was, in fact, guilty. At the subsequent

sentencing hearing, the court sentenced Cunningham to 10 years in prison.

 Cunningham filed a pro se Rule 24.035 motion, which was later amended

by appointed counsel. The amended motion alleged, inter alia, that plea counsel

was ineffective for failing to advise Cunningham regarding the availability of an

entrapment defense and failing to assert an entrapment defense before his guilty

plea or at trial. After an evidentiary hearing, the motion court denied the motion.

Cunningham appeals.

 STANDARD OF REVIEW

 We review the denial of a post-conviction motion for clear error. Rule

24.035(k). The motion court’s findings and conclusions are clearly erroneous only

if a review of the entire record leaves us with a definite and firm impression that a

mistake was made. Dobbins v. State, 187 S.W.3d 865, 866 (Mo. banc 2006). We

will affirm the judgment if it is sustainable on any legal ground supported by the

record. Swallow v. State, 398 S.W.3d 1, 3 (Mo. banc 2013).

3
 The record indicates that, before the plea hearing, Cunningham underwent a mental examination
pursuant to Section 552.020 at the State’s request. While the forensic examiner found
Cunningham had “somewhat less than average intellectual functioning,” the examiner also found
he did not suffer from a mental disease or defect and had the capacity to understand the
proceedings against him and to assist in his own defense.

 3
 ANALYSIS

 In his sole point on appeal, Cunningham contends the motion court clearly

erred in denying his claim that plea counsel was ineffective for failing to assert an

entrapment defense prior to his guilty plea.4 He argues the evidence established

entrapment as a plausible defense and that, if plea counsel had raised the defense

in a motion before the guilty plea, he would not have pleaded guilty but would

have insisted on going to trial.

 To be entitled to post-conviction relief for ineffective assistance of counsel,

Cunningham had to establish that plea counsel failed to exercise the customary

skill and diligence of a reasonably competent attorney under the same or similar

circumstances and that he was thereby prejudiced. Strickland v. Washington, 466

U.S. 668, 687, 689 (1984). “After a plea of guilty, the issue of ineffective assistance

of counsel is only relevant to the extent that it affected the voluntariness of the

guilty plea.” Hernandez v. State, 588 S.W.3d 467, 471 (Mo. App. 2019). “The

prejudice prong is met if the movant shows that but for counsel’s ineffective

assistance, he or she would . . . not have pleaded guilty but would have instead

insisted on going to trial.” Id. Cunningham had to establish both the

4
 Although Cunningham alleged in his amended motion that plea counsel was ineffective for
failing to advise him of an entrapment defense, he does not appeal the denial of that claim;
therefore, we will not address it. Likewise, while he alleges in his point relied on in his initial brief
that plea counsel was ineffective for failing to raise an entrapment defense at trial, he concedes in
his reply brief that “plea counsel’s failure to assert the entrapment defense at a trial that never
happened cannot form the basis of his Rule 24.035 claim of ineffective assistance of counsel.”
 4
performance and prejudice prongs, and if he failed to establish one prong, we

need not address the other. Rush v. State, 366 S.W.3d 663, 667 (Mo. App. 2012).

 To satisfy the performance prong of the Strickland test, Cunningham had to

demonstrate that, by not asserting an entrapment defense prior to the guilty plea,

plea counsel failed to exercise the customary skill and diligence of a reasonably

competent attorney under the same or similar circumstances. See Strickland, 466

U.S. at 687. This standard is intentionally vague and “highly deferential” to

counsel. Id. at 689. “A fair assessment of attorney performance requires that

every effort be made to eliminate the distorting effects of hindsight, to reconstruct

the circumstances of counsel's challenged conduct, and to evaluate the conduct

from counsel's perspective at the time.” Id. Cunningham “must overcome the

strong presumption that [plea] counsel's conduct was reasonable and effective.”

Hosier v. State, 593 S.W.3d 75, 81 (Mo. banc 2019) (citation omitted). “Reasonable

choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot

serve as a basis for a claim of ineffective assistance.” Id. (citation omitted).

 During the evidentiary hearing, plea counsel testified that another attorney

had initially represented Cunningham and that he entered this case amid ongoing

plea negotiations. He had experience handling attempted enticement cases

involving internet activity by the police. Plea counsel talked with Cunningham

about the evidence against him, the police’s actions, and potential defenses. He

believed that asserting an entrapment defense in this case would be very risky,

especially in light of what the State was offering in plea negotiations. When asked

 5
whether he had a specific strategic reason for not filing a motion raising

entrapment, plea counsel could not recall one, but he explained that, at the time,

“we were talking about pleas and plea negotiations, and not necessarily to the

point where we were prepared for a trial.”

 Plea counsel testified that he examined all of the evidence, both favorable

and unfavorable, and made a conscious decision based on his knowledge and

experience to recommend that Cunningham proceed with a plea as opposed to a

trial. He noted, however, that it was “totally” Cunningham’s decision whether to

accept the plea offer. Plea counsel explained that, if the case had gone to trial, he

would have filed any necessary motions, including a motion to dismiss, but it

never got to that point because he was dealing with whether the plea offer was in

Cunningham’s best interest in light of the overall facts of the case. Furthermore,

plea counsel testified that, if he had found any behaviors by law enforcement to

be egregious to the point where he felt Cunningham was entrapped or led to

commit a crime that he otherwise would not have committed, he would have

raised those issues before the guilty plea if he felt that he could have convinced

the prosecution to drop the case.

 Plea counsel’s failure to recall a specific reason for not raising an

entrapment defense before Cunningham entered his guilty plea does not

overcome the presumption that his decision was part of a reasonable trial

strategy. Bullock v. State, 238 S.W.3d 710, 715 (Mo. App. 2007). Indeed, the

 6
entirety of plea counsel’s testimony indicates that it was, in fact, a strategic

decision not to pursue an entrapment defense at that time.

 The circumstances before plea counsel when he made that strategic

decision indicate that the strategic decision was a reasonable one. To assert a

successful entrapment defense, Cunningham would have had to demonstrate

“evidence showing both governmental inducement to engage in unlawful conduct

and [his] lack of a willingness to engage in such conduct.” State v. Anderson, 467

S.W.3d 378, 381 (Mo. App. 2019). “The basic question is whether the defendant’s

criminal activity was caused by the creative activity of the officer or by the

defendant’s own predisposition.” Id. at 381-82 (citation omitted). “If criminal

intent originates in the mind of the defendant, it is no defense to charge that an

opportunity is furnished or that an officer aids in the commission of the crime.”

Id. at 382 (citation omitted).

 Cunningham argues there was evidence of governmental inducement and

his lack of willingness to engage in attempted enticement. He notes Feeney

initiated the contact with him, continued to converse with him, and “feigned

sympathy and understanding by complimentarily, coyly, and even coquettishly

responding to [him].” He asserts his “low cognitive function” made him

“unusually susceptible” to Feeney’s ruse. The State’s evidence, however, showed

that, even though Feeney initiated the contact, it was Cunningham who first

professed his love for the 13-year-old persona, asked to be her online boyfriend,

asked to kiss her, initiated the sexually explicit conversation, arranged to meet her

 7
at Wal-Mart, and showed up at Wal-Mart to meet her. This evidence

demonstrated Cunningham’s predisposition and willingness to commit the crime

of attempted enticement.

 In light of this significantly unfavorable evidence and the fact that

Cunningham was facing the possibility of up to 30 years in prison for this charge

and perhaps additional time for a possible second charge, it was a reasonable

strategic decision for plea counsel to continue plea negotiations with the State

instead of filing a motion asserting entrapment. Plea counsel “is not ineffective

for wielding [his] professional discernment to predict the relative exculpatory

value of evidence at trial.” Lowery v. State, 520 S.W.3d 474, 479 (Mo. App. 2017).

Likewise, plea counsel is not “ineffective for using [his] experience and judgment

to weigh the strictures and advantages of a proposed plea [agreement] against

the likely outcome if the matter were to proceed to trial.” Id. Cunningham has

failed to show that plea counsel did not exercise the customary skill and diligence

of a reasonably competent attorney under the same or similar circumstances.

Strickland, 466 U.S. at 687.

 Because Cunningham did not establish plea counsel’s performance was

deficient, we need not analyze whether he established prejudice. See Rush, 366

S.W.3d at 667. The motion court did not clearly err in denying this claim. Point

denied.

 8
 CONCLUSION

 The judgment is affirmed.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

 9